IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| In re: BISPHENOL-A (BPA) | ) | MDL No. 1967 |
| POLYCARBONATE PLASTIC | ) | Master Case No. 08-1967-MD-W-ODS |
| PRODUCTS LIABILITY LITIGATION | ) | |

### ORDER ADDRESSING DEFENDANTS' MOTIONS TO DISMISS TARGETING SPECIFIC STATE STATUTES

The details of this case have been addressed in other orders. For present purposes, it is important to recall that this case presently consists of ten different Complaints, each of which seeks class certification against a different Defendant. Each Complaint asserts, *inter alia*, one or more claims premised on consumer protection statutes of the state in which each Defendant is located. Now pending are six Motions to Dismiss targeting these particular claims. Consideration of three of these motions (Docket Entries 157, 164, and 168) will be deferred. The other three motions (Docket Entries 159, 161, and 166) are denied as moot because they were filed by Formula Defendants, and all claims against them are being dismissed for other resaons.

Regardless of how Defendants' arguments are labeled or characterized by them, the Court concludes the arguments raise choice of law questions. For instance, Defendants contend Connecticut statutes do not have extraterritorial effect. This broad generalization obscures the real issue addressed in the cases cited; namely, whether under a given set of facts Indiana courts would be willing to apply Indiana law. Nothing in the cases cited would preclude another state from concluding, based on its choice of law rules, that Indiana law applies. This is significant because the Court must apply the choice of law rules of the transferor courts. E.g., In re Air Disaster at Ramstein Air Base, Germany, on 8/29/90, 81 F.3d 570, 576-77 (5th Cir.), cert. denied, 519 U.S. 1028 (1996) (citing Van Dusen v. Barrack, 376 U.S. 612 (1964)); In re Korean Air Lines Disaster of Sept. 1, 1983, 932 F.2d 1475, 1497 (D.C. Cir.), cert. denied, 502 U.S. 994 (1991); In re Nucorp Energy Securities Litigation, 772 F.2d 1486, 1491-92 (9th Cir. 1985). This is a departure from the ordinary rule that a District Court applies the choice of law rules of the state in which it sits, premised on the difference between a transfer to cure a filing in the wrong venue and a transfer made from a forum where venue was

proper in order to accommodate the parties or other interests. In the former case, the plaintiff should not obtain any benefit – including application of the transferor court's choice of law rules – because the plaintiff chose an improper forum. In the latter case, the transfer should "not defeat the advantages accruing to plaintiffs who have chosen a forum which, although it was inconvenient, was a proper venue." Eggleton v. Plasser & Theurer Export Von Bahnbaumaschinen Gesellschaft, Mbh, 495 F.3d 582, 585-86 (8th Cir. 2007) (quotation omitted). The Court is not inclined to conduct a choice of law inquiry for each plaintiff at this stage of the litigation.

The difficulty in ascertaining the governing law at this stage also presents obstacles to Defendants' substantive arguments about the content of various states' laws. For instance, Defendants contend Ohio's statues do not apply to the conduct Plaintiffs complain of. This may be, and the Court could reach such a conclusion – but to whom would such a determination apply? It would not apply to all Plaintiffs; it would only apply to those Plaintiffs for whom the choice of law rules dictate application of Ohio law. The Court does not think it prudent to decide the content of state laws when the ruling's application to a given Plaintiff depends on the outcome of other, unmade legal conclusions.

Finally, the Court notes the entire inquiry is complicated by Plaintiffs' requests to certify certain classes. If the Court denies Plaintiffs' requests, it is quite likely that a number of individuals will file suits on their own. This has the potential to increase the difficulty in conducting the choice of law analysis – and may cause the Court to decide not to conduct such an analysis at all.

IT IS SO ORDERED.

DATE: November 9, 2009

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT