IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| In re: BISPHENOL-A (BPA) | ) | MDL No. 1967 |
| POLYCARBONATE PLASTIC | ) | Master Case No. 08-1967-MD-W-ODS |
| PRODUCTS LIABILITY LITIGATION | ) | |

ORDER IDENTIFYING THE REMAINING CLAIMS

  Earlier today, the Court issued Orders addressing twelve motions to dismiss. The Court believes it beneficial to set forth its view identifying the claims that have been dismissed and those that remain.

  The following claims have been dismissed:

1. From the Evenflo Complaint (Case No. 08-1967, Doc. # 69) – Counts I, II, V and VI are dismissed insofar as they depend on misrepresentations (as opposed to omissions), Count III is dismissed in its entirety, and Count IV is dismissed insofar as it asserts a claim of breach of the implied warranty of fitness for a particular purpose.

2. From the Gerber Complaint (Case No. 08-1967, Doc. # 70) – Counts I, IV and V are dismissed insofar as they depend on misrepresentations (as opposed to omissions), Count II is dismissed in its entirety, and Count III is dismissed insofar as it asserts a claim of breach of the implied warranty of fitness for a particular purpose.

3. From the Nalge Nuncc Complaint (Case No. 08-0996, Doc. # 1) – Counts I, IV and V are dismissed insofar as they depend on misrepresentations (as opposed to omissions), Count II is dismissed in its entirety, and Count III is dismissed insofar as it asserts a claim of breach of the implied warranty of fitness for a particular purpose.

4. From the Avent America/Phillips Electronics Complaint (Case No. 08-0997, Doc. # 1) – Counts I, II, III, VI and VII are dismissed insofar as they depend on misrepresentations (as opposed to omissions), Count IV is dismissed in its entirety, and Count V is dismissed insofar as it asserts a claim of breach of the implied warranty of fitness for a particular purpose.

5. From the RC2 Complaint (Case No. 08-0998, Doc. # 1) – Counts I, II, V and VI are dismissed insofar as they depend on misrepresentations (as opposed to

omissions), Count III is dismissed in its entirety, and Count IV is dismissed insofar as it asserts a claim of breach of the implied warranty of fitness for a particular purpose.

6. From the Playtex Complaint (Case No. 08-0999, Doc. # 1) – Counts I, II, V and VI are dismissed insofar as they depend on misrepresentations (as opposed to omissions), Count III is dismissed in its entirety, and Count IV is dismissed insofar as it asserts a claim of breach of the implied warranty of fitness for a particular purpose.

7. From the Handi-Craft Complaint (Case No. 08-1000, Doc. # 1) – Counts I, II, V and VI are dismissed insofar as they depend on misrepresentations (as opposed to omissions), Count III is dismissed in its entirety, and Count IV is dismissed insofar as it asserts a claim of breach of the implied warranty of fitness for a particular purpose.

8. The Nestle Complaint (Case No. 09-0036, Doc. # 1) is dismissed in its entirety.

9. The Abbot Laboratories Complaint (Case No. 09-0037, Doc. # 1) is dismissed in its entirety.

10. The Mead Johnson Complaint (Case No. 09-0038, Doc. # 1) is dismissed in its entirety.

In addition, *all* claims except for unjust enrichment are dismissed with respect to those Plaintiffs who no longer possessed any of Defendant's goods at the time they learned about BPA and its potential health effects.

The remaining claims can be described as follows: First, all claims against the Bottle Defendants for unjust enrichment remain. In addition, Plaintiffs suing a Bottle Defendant and who still possessed any of the goods at the time they learned about BPA and its potential health effects also may assert claims for fraudulent and negligent omissions of material fact (under common law or statute) and breach of implied warranty of merchantability.
IT IS SO ORDERED.

DATE: November 9, 2009

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT