# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

|  |  |
|---|---|
| In Re: BISPHENOL-A (BPA) POLYCARBONATE PLASTIC PRODUCTS LIABILITY LITIGATION | ) ) ) ) |
| **This document relates to:** | ) ) |
| *Broadway, et al.* v. *Avent America, Inc., et al.*, C.A. No. 08-00997; | ) ) ) |
| *Broadway, et al.* v. *Evenflo Company, Inc.*, C.A. No. 08-00309; | ) ) ) |
| *Broadway, et al.* v. *Playtex Products, Inc.*, C.A. No. 08-00999; | ) ) ) |
| *Coyle, et al.* v. *Nalge Nunc International Corporation*, C.A. No. 08-00996; | ) ) ) |
| *Raggio, Jr., et al.* v. *Gerber Product Company*, C.A. No. 08-00418; | ) ) ) |
| *Rasmussen, et al.* v. *Handi-Craft Company*, C.A. No. 08-01000; | ) ) ) |
| *Tubbs* v. *RC2 Corporation*, C.A. No. 08-00998 | ) ) ) |

MDL Docket No. 1967
Master Case No. 4:08-1967-MD-W-ODS

The Hon. Ortrie D. Smith

**ORAL ARGUMENT REQUESTED**

**DEFENDANTS PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, EVENFLO COMPANY, INC., GERBER PRODUCTS CO., HANDI-CRAFT COMPANY, PLAYTEX PRODUCTS, LLC, NALGE NUNC INTERNATIONAL CORPORATION AND RC2 CORPORATION'S SUGGESTIONS IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(B)**

# TABLE OF CONTENTS

I.  BACKGROUND ............................................................................................... 1

    A.  Plaintiffs' Failure To Allege A Legally-Cognizable Injury .................................... 2

    B.  This Court's Conferral Of Standing On Plaintiffs Who Do Not Allege
         Any Injury. ....................................................................................................... 6

II.  ARGUMENT ................................................................................................... 7

    A.  This Court Should Reconsider Its Order. ............................................................. 7

    B.  Alternatively, This Court Should Certify Its Order For Immediate
         Interlocutory Appeal Pursuant to Section 1292(b). ............................................. 8

         1.  Substantial Grounds Exist For Differences Of Opinion
              On These Pure Legal Issues. .................................................................. 9

         2.  The Bottle Defendants Have Presented Controlling
              Questions Of Law For Which Immediate Appellate
              Review May Materially Advance Termination Of The
              Litigation. ........................................................................................... 10

III.  CONCLUSION ................................................................................................. 13

Case 4:08-md-01967-ODS   Document 274   Filed 11/24/09   Page 2 of 22

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*ATACS Corp.* v. *Trans World Commc'ns, Inc.*,
155 F.3d 659 (3rd Cir. 1998) .................................................................................. 6

*Briehl* v. *Gen. Motors Corp.*,
172 F.3d 623 (8th Cir. 1999) ..........................................................................2, 3, 4, 5

*Coghlan* v. *Wellcraft Marine Corp.*,
240 F.3d 449 (5th Cir. 2001) .................................................................................. 5

*Frye* v. *L'Oreal USA, Inc.*,
583 F. Supp. 2d 954 (N.D. Ill. 2008) ...................................................................... 6

*In re Air Crash Disaster At John F. Kennedy Int'l Airport
on June 24, 1975*,
479 F. Supp. 1118 (E.D.N.Y. 1978) ...................................................................... 10

*In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*,
966 F. Supp. 1525 (E.D. Mo. 1997) ...................................................................... 2

*In re Monosodium Glutamate Antitrust Litig.*,
477 F.3d 535 (8th Cir. 2007) .................................................................................. 7

*Innovative Home Health Care, Inc.* v. *P.T.-O.T. Assocs. of the Black Hills*,
141 F.3d 1284 (8th Cir. 1998) ................................................................................ 7

*Klein* v. *Arkoma Prod. Co.*,
73 F.3d 779 (8th Cir. 1996) .................................................................................... 6

*Klinghoffer* v. *S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in
Amministrazione Straordinaria*,
921 F.2d 21 (2d Cir. 1990) ..................................................................................9, 10

*Lindquist Ford, Inc.* v. *Middleton Motors, Inc.*,
557 F.3d 469 (7th Cir. 2009) .................................................................................. 6

*Massachusetts Eye & Ear Infirmary* v. *QLT Phototherapeutics, Inc.*,
552 F.3d 47 (1st Cir. 2009) .................................................................................... 6

*Novell, Inc.* v. *Microsoft Corp.*,
505 F.3d 302 (4th Cir. 2007) ................................................................................ 12

*O'Neil* v. *Simplicity, Inc.*,
553 F. Supp. 2d 1110 (D. Minn. 2008) .................................................................. 2

Case 4:08-md-01967-ODS   Document 274   Filed 11/24/09   Page 3 of 22

*O'Neil* v. *Simplicity, Inc.*,
  574 F.3d 501 (8th Cir. 2009) .................................................................... 2, 3, 4, 5, 6

*Parkhurst* v. *Tabor*,
  569 F.3d 861 (8th Cir. 2009) .................................................................... 6

*Remmes* v. *Int'l Flavors & Fragrances, Inc.*,
  435 F. Supp. 2d 936 (N.D. Iowa 2006) ....................................................... 8

*Republic of Colombia* v. *Diageo N. Am. Inc.*,
  619 F. Supp. 2d 7 (E.D.N.Y. 2007) ............................................................ 8

*State of N.C. ex rel. Howes* v. *W.R. Peele, Sr. Trust*,
  889 F. Supp. 849 (E.D.N.C. 1995) ........................................................... 10, 11

*Union County, Iowa* v. *Piper Jaffray & Co., Inc.*,
  525 F.3d 643 (8th Cir. 2008) .................................................................... 8

**STATE CASES**

*Hollifield* v. *Monte Vista Biblical Gardens, Inc.*,
  553 S.E.2d 662 (Ga. Ct. App. 2001) .......................................................... 6

**FEDERAL STATUTES**

28 U.S.C. § 1292(b) ..................................................................... 1, 7, 8, 9, 10, 13

**FEDERAL RULES**

FED. R. CIV. P. 59(e) ....................................................................................... 7

**OTHER AUTHORITIES**

MANUAL FOR COMPLEX LITIGATION, FOURTH, § 15.11 ................................... 8

-iii-

Defendants Philips Electronics North America Corporation, Evenflo Company, Inc., Gerber Products Co., Handi-Craft Company, Playtex Products, LLC, Nalge Nunc International Corporation and RC2 Corporation (collectively, the "Bottle Defendants") respectfully submit the following suggestions in support of their motion for reconsideration or, alternatively, certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), of this Court's Order and Opinion Addressing Certain of Defendants' Motions to Dismiss (the "Order"):

## I.    BACKGROUND

On November 9, 2009, this Court granted in part, denied in part, and deferred in part Defendants' motions to dismiss, ultimately permitting claims against the Bottle Defendants for fraudulent and negligent omissions of material fact and breach of the implied warranty of merchantability brought by those Plaintiffs who still possessed any of the challenged products at the time they learned about BPA and its potential health effects.  (Order at 23.)  This Court also allowed that, if Plaintiffs prove these claims, benefit-of-the-bargain damages would be available. (*Id.* at 19.)  By contrast, this Court dismissed all claims (except for unjust enrichment) of Plaintiffs "who disposed of or used the products before learning about BPA," ruling that these Plaintiffs "received 100% use (and benefit) from the products and have no quantifiable damages." (*Id.* at 20.)  In evaluating Plaintiffs' unjust enrichment claims, this Court held that even those Plaintiffs who completely consumed the Bottle Defendants' products could still seek to recover any benefit they conferred upon the Bottle Defendants.  (*Id.* at 21.)

The Bottle Defendants respectfully submit (i) that the Court's ruling represents an error of law that should be corrected by the Court reconsidering its ruling or (ii) that, at the very least, substantial grounds exist for differences of opinion with respect to pure legal issues in the Order, which should be certified for interlocutory appeal to the United States Court of Appeals for the Eighth Circuit pursuant to 28 U.S.C. § 1292(b).

-1-

A.     Plaintiffs' Failure To Allege A Legally-Cognizable Injury.

In *Briehl* v. *General Motors Corp.*, 172 F.3d 623, 625 (8th Cir. 1999), and *O'Neil* v. *Simplicity, Inc.*, 574 F.3d 501 (8th Cir. 2009), the Eighth Circuit dismissed the same claims this Court has permitted Plaintiffs to pursue here. In *Briehl*, the Eighth Circuit affirmed the dismissal of a multi-district litigation seeking nation-wide class certification of multiple claims, including claims remaining in these cases, *i.e.*, omissions of material fact and breach of implied warranties. The *Briehl* plaintiffs asserted that the anti-lock brakes in their GM cars were defective because they posed a risk of harm that they did not know about at the time of purchase. *See In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*, 966 F. Supp. 1525, 1534 (E.D. Mo. 1997) ("Plaintiffs allege they would not have paid as much for the vehicles if they would have known about the defects."), *aff'd Briehl*, 172 F.3d at 623. In view of the *Briehl* plaintiffs' disclaimer of personal injuries or property damage, the Eighth Circuit rejected plaintiffs' theory of damages: "Plaintiffs' conclusory assertions that they, as a class, have experienced damages (and the method that Plaintiffs use to calculate the damages) are simply too speculative to allow this case to go forward." *Briehl*, 172 F.3d at 629.

In *O'Neil*, another product-defect case where plaintiffs disclaimed personal injury or property damage, the Eighth Circuit extended its *Briehl* holding to facts closely analogous to those at issue here. In *O'Neil*, plaintiffs alleged that they (i) purchased a baby crib, (ii) *later* learned about a recall of that crib based on its defective drop side that could kill babies, prompting the Consumer Product Safety Commission to warn consumers "[w]e do not want your child in that crib tonight" and (iii) as a result of knowledge of the alleged defect, stopped using the crib. *See O'Neil* v. *Simplicity, Inc.*, 553 F. Supp. 2d 1110, 1112 (D. Minn. 2008), *aff'd* 574 F.3d at 501. In affirming the dismissal of all plaintiffs' claims, the Eighth Circuit rejected plaintiffs' benefit-of-the-bargain damages theory, holding that plaintiffs simply had no

-2-

cognizable damage where they used the defendant's product and it performed satisfactorily, even though they later became aware of a risk of harm associated with that product and then ceased using it. 574 F.3d at 504. Further, *O'Neil* held that this rule applied equally to unjust enrichment claims, which the Eighth Circuit also barred. *Id.* at 503.

In its Order, this Court distinguished *Briehl* and *O'Neil* on the theory that those cases involved "only a *potential* defect." (Order at 18 (emphasis in original).) In a product-defect case, a plaintiff must allege *both* a defect and an injury. *O'Neil*, 574 F.3d at 503-04. The "defect" is a design or manufacturing issue that allegedly results in an increased risk of harm to person or property. For example, in *O'Neil*, the Eighth Circuit identified the alleged "defect" as the condition that "made it possible for the drop-side to detach from the crib, creating a dangerous gap in which a child could get caught." *Id.* at 502. Neither *Briehl* nor *O'Neil* involved allegations of a "potential" defect; in both cases, plaintiffs alleged an *actual* defect with a *potential* for injury — exactly what is alleged here.[1] *See O'Neil*, 574 F.3d at 501; *Briehl*, 172 F.3d at 629.

The injuries alleged in a typical product-defect case and in a "no injury" case are fundamentally different. The injury in a typical product-defect case is the plaintiff's damage resulting from a manifestation of the product's defect. *See O'Neil*, 574 F.3d at 504. As one example, in *O'Neil*, there were allegations that, at least with respect to certain individuals not

---

[1] In fact, the allegations regarding potential injury in *O'Neil*, where plaintiffs alleged actual deaths resulting from the defective drop side and the government had warned consumers against using the product, were much stronger than Plaintiffs' allegations of potential injury here. As the Court knows, the Bottle Defendants ceased selling the Products at issue here containing BPA some time ago, so there is no issue with respect to ongoing sales. Further, at all times relevant to this litigation, and in fact for the last forty-six years, the United States Food and Drug Administration's express opinion has been that the challenged products are safe. *See* 21 C.F.R. § 177.1580.

named as plaintiffs, the defect had manifested itself when the drop side failed, resulting in infant deaths. *Id.* at 502. A "no injury" case, however, is different because the plaintiff does not allege either of these two types of tort damages. *Id.* at 503-04. In place of such tort damages, the plaintiff asserts contract (*i.e.*, benefit-of-the-bargain) damages resulting from his or her alleged unwillingness to use defendant's product, which plaintiff views as posing an unacceptably high risk of harm. *Id.* at 504. *O'Neil* unambiguously holds that such contract damages are not recoverable in a product-defect case and that, in the absence of any other form of legally-cognizable tort injury (*i.e.*, personal injury or property damage), plaintiff's claims must be dismissed, including claims for "benefit of the bargain" damages. *Id.*

This Court's Order distinguished *O'Neil* by stating "there was only the potential for the side to separate from the crib," whereas in these cases "there is not merely a potential for BPA being in the products — there is no doubt that BPA was present." (Order at 18.) But this statement compares the defect alleged in *O'Neil* (*i.e.*, the quality of design or manufacture giving rise to the risk of harm) — rather than the part of the product alleged to be defective (*i.e.*, the drop side) — to the part of the product alleged in this case to be defective (*i.e.*, BPA). These cases are indistinguishable from *O'Neil*: Just as the drop side was present in the cribs purchased by the *O'Neil* plaintiffs, BPA was allegedly present in the polycarbonate plastic bottles purchased by Plaintiffs here.[2]

This Court further distinguished *Briehl* and *O'Neil* on the ground that Plaintiffs

---

[2]  Respectfully, any analogy to a food contaminated with a deadly poison (Order at 19) is inapposite. As the Court acknowledges, determining the safety of BPA is solely the province of FDA, and FDA has concluded that the use of BPA in food packaging is safe so long as the manufacturer abides by prescribed conditions (which is not contested here). (Preemption Order at 9.) There is no failure to disclose a deadly poison here, nor is there a failure to disclose the presence of a substance above federally-permitted levels.

did not obtain the benefit of their bargain because "[n]ow that they know the true facts, they are unwilling to risk allowing their children to use the product." (Order at 19.) But the Plaintiffs in *O'Neil* made the same benefit-of-the-bargain argument about their defective but no-injury-causing crib, and the Eighth Circuit rejected it. *See* 574 F.3d at 504. And Plaintiffs cannot avoid *O'Neil* by relying upon unjust enrichment claims, because the Eighth Circuit affirmed the dismissal of unjust enrichment claims in that case, *id.* at 503, without drawing the distinction this Court has made.

To allow a narrow subclass of claims to proceed, this Court relied principally on *Coghlan* v. *Wellcraft Marine Corp.*, 240 F.3d 449 (5th Cir. 2001), which is doubly distinguishable because, among other differences, (i) it was not a product-defect case, *i.e.*, there was no risk of harm allegedly associated with the product, and (ii) an express contract governed the plaintiffs' purchase of the challenged product. In *Coghlan*, the court permitted plaintiffs' claims for breach of contract, fraudulent misrepresentation, negligent misrepresentation and deceptive trade practices where the only damages plaintiffs sought was "the benefit of their bargain with [defendant], or the difference in value between what they were promised, an all fiberglass boat, and what they received, a hybrid wood-fiberglass boat." 240 F.3d at 452. *Coghlan*'s reasoning could apply here if, for example, Plaintiffs alleged that they expressly contracted with the Defendants for a glass bottle, but instead Defendants provided a plastic product (or at least a half-plastic, half-glass bottle). But those are not Plaintiffs' allegations. Plaintiffs instead assert product-defect claims based on an alleged *risk of harm* associated with Bottle Defendants' products, which alleged risk of harm Plaintiffs allegedly were not aware of at

the time they purchased the products.[3]  To be clear, *Coghlan* involved no risk of harm.

Therefore, Plaintiffs' claims are legally identical to those asserted in *Briehl* and *O'Neil* and are

different from the claims plaintiffs brought in *Coghlan*.  Under binding Eighth Circuit authority,

Plaintiffs' claims should be dismissed.

        B.      This Court's Conferral Of Standing On Plaintiffs Who Do Not Allege Any Injury.

        To establish constitutional standing to assert *any* claim in federal court, "the

plaintiff must show that [he or she] has suffered an 'injury in fact' that is: concrete and

particularized and actual or imminent; fairly traceable to the challenged action of the defendant;

and likely to be redressed by a favorable decision." *Parkhurst* v. *Tabor*, 569 F.3d 861, 865 (8th

Cir. 2009).  Here, Plaintiffs who completely consumed the products they bought do not allege

any "injury in fact" because they do not allege any personal injury or property damage and, as

this Court has observed, they "received 100% use (and benefit) from the products." *Compare*

Order at 20 *with Frye* v. *L'Oreal USA, Inc.*, 583 F. Supp. 2d 954, 959 (N.D. Ill. 2008) ("Because

plaintiff has not been able to allege any injury resulting from the alleged deceptive conduct,

[plaintiff's unjust enrichment claim] is also dismissed.").  Furthermore, this Court cannot provide

any redress because Plaintiffs have disclaimed injunctive relief and, as this Court has also

observed, they have suffered "no quantifiable damages."  (Order at 20-21.)

        The cases cited in the Court's Order do not indicate a different result from *O'Neil*

---

[3]    The timing of Plaintiffs' awareness of any alleged risk of harm associated with Bottle Defendants' products is not pleaded in any of the Complaints.  It is possible that all the Plaintiffs knew about the controversy surrounding BPA and decided to purchase Bottle Defendants' products anyway.

or *Frye*.[4] As this Court recognized, here some Plaintiffs asserting unjust enrichment claims "received 100% use (and benefit) from the products." (Order at 20.) Permitting Plaintiffs' unjust enrichment claims to proceed conflicts with well-established standing law and appears to be unprecedented.

## II.  ARGUMENT

### A.  This Court Should Reconsider Its Order.

Rule 59(e) of the Federal Rules of Civil Procedure permits this Court to alter or amend its judgment to correct "manifest errors of law." *Innovative Home Health Care, Inc.* v. *P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998); *see In re Monosodium Glutamate Antitrust Litig.*, 477 F.3d 535, 537 (8th Cir. 2007) (affirming district court's grant of a motion for reconsideration and dismissal of the case). Here, as demonstrated above, this Court's (i) denial in part of Bottle Defendants' "no injury" motion to dismiss and (ii) determination that Plaintiffs who "received 100% use (and benefit) from the product and have no quantifiable damages" may nonetheless assert unjust enrichment claims both constitute manifest errors of law that this Court has the inherent authority to, and should, correct. (Order at 20.)

---

[4]  In each case, plaintiff allegedly conferred a valuable benefit on defendant and received no benefit in return. *See Lindquist Ford, Inc.* v. *Middleton Motors, Inc.*, 557 F.3d 469, 471-72 (7th Cir. 2009) (uncompensated for services of plaintiff's general manager); *Massachusetts Eye & Ear Infirmary* v. *QLT Phototherapeutics, Inc.*, 552 F.3d 47, 62-63 (1st Cir. 2009) (uncompensated for abandoning pursuit of drug patent); *ATACS Corp.* v. *Trans World Commc'ns, Inc.*, 155 F.3d 659, 664 (3rd Cir. 1998) (uncompensated for assistance in preparing primary contractor's successful bid); *Klein* v. *Arkoma Prod. Co.*, 73 F.3d 779, 786 (8th Cir. 1996) (uncompensated for reduced royalty payments in connection with settlement of legal claims); *Hollifield* v. *Monte Vista Biblical Gardens, Inc.*, 553 S.E.2d 662, 670 (Ga. Ct. App. 2001) (uncompensated for improvements made on defendant's land).

-7-

B. **Alternatively, This Court Should Certify Its Order For Immediate Interlocutory Appeal Pursuant to Section 1292(b).**

Should the Court not amend its Order, these legal issues nonetheless satisfy the standard for certifying an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). At a minimum, this Court's Order presents two important questions of law, the resolution of which by the Eighth Circuit may significantly advance the disposition of this case, if not terminate it entirely:

1. Whether, under *Briehl* and *O'Neil*, claims for restitution or damages (including benefit-of-the-bargain damages) can survive, even when all Plaintiffs affirmatively allege that they used the challenged products and concede that they have not suffered any injury whatsoever to person or property?

2. Whether, under *O'Neil*, even when the Plaintiffs have "received 100% use (and benefit) from the product and have no quantifiable damages," Order at 20, a claim for unjust enrichment may survive?

"Section 1292(b) establishes three criteria for certification: the district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *Union County, Iowa* v. *Piper Jaffray & Co., Inc.*, 525 F.3d 643, 646 (8th Cir. 2008). "Adopted with complex litigation in mind, 28 U.S.C. § 1292(b) provides a mechanism for obtaining early review of crucial orders where an appellate ruling may simplify or shorten the litigation. Examples include orders . . . granting or denying motions disposing of pivotal claims or defenses . . . ." MANUAL FOR COMPLEX LITIGATION, FOURTH, § 15.11; *accord Remmes* v. *Int'l Flavors & Fragrances, Inc.*, 435 F. Supp. 2d 936, 944 (N.D. Iowa 2006) (holding that certification is appropriate "where a decision on appeal may avoid protracted and expensive litigation"). Certification is especially proper where there are few sources of authority for the difficult questions considered in the district court's order. *See Republic of Colombia* v.

-8-

*Diageo N. Am. Inc.*, 619 F. Supp. 2d 7, 11 (E.D.N.Y. 2007). This Court may grant certification even if only one of the two questions presented for certification meets the Section 1292(b) standard. *See id.*

As described below, both questions satisfy all the statutory requirements for certifying a question for interlocutory appeal, and an immediate, interlocutory appeal should therefore be allowed. *See* 28 U.S.C. § 1292(b). First, this Court's Order shows that, at the very least, substantial grounds for difference of opinion about the answers to these controlling legal questions exist. Further, the Bottle Defendants present for certification pure questions of law, not fact, that are critical to the viability of Plaintiffs' claims. Finally, an interlocutory appeal would materially advance the litigation because reversal of this Court's rulings would result in the early and complete termination of these cases, or at least a significant further narrowing.

1. *Substantial Grounds Exist For Differences Of Opinion On These Pure Legal Issues.*

This Court's Order, when analyzed against the Eighth Circuit's holdings in *Briehl* and *O'Neil*, confirms that at least substantial grounds for differences of opinion exist on the two questions presented. Bottle Defendants are aware of no other case where a court has permitted plaintiffs who do not allege personal injury or property damage to assert product-defect claims based on whether they still possessed any of the challenged products at the time they "learned about" the part of the challenged product alleged to be defective. (Order at 18.) Furthermore, Bottle Defendants are not aware of any case where a court has permitted a plaintiff to assert an unjust enrichment claim in the absence of any cognizable injury. These ground-breaking rulings present two questions that are appropriate for certification for interlocutory appeal.

2. *The Bottle Defendants Have Presented Controlling*
*Questions Of Law For Which Immediate Appellate Review*
*May Materially Advance Termination Of The Litigation.*

Both questions present pure issues of law that are controlling in this case.

"Although the resolution of an issue need not necessarily terminate an action in order to be 'controlling,' it is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action." *Klinghoffer* v. *S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990). "[A] question may be controlling, even though its disposition might not lead to reversal on appeal, if interlocutory reversal might save time for the district court and time and expense for the litigants." *State of N.C. ex rel. Howes* v. *W.R. Peele, Sr. Trust*, 889 F. Supp. 849, 853 (E.D.N.C. 1995). In the context of multidistrict litigation, courts have adopted an even more permissive interpretation of Section 1292(b). *See In re Air Crash Disaster At John F. Kennedy Int'l Airport on June 24, 1975*, 479 F. Supp. 1118, 1125 (E.D.N.Y. 1978) ("[D]espite the fact that the liability order does not present an exact controlling question of law in as lucid terms as a question of personal jurisdiction … the multidistrict nature of this action clothes the liability issue with significance as a controlling question of law.").

Section 1292(b)'s vehicle for immediate appeal was specifically intended for this type of case. *See* S. Rep. No. 2434, 85th Cong., 2d Sess. (1958), reprinted in 1958 U.S.C.C.A.N. 5255, 5260 (Section 1292(b) "should and will be used only in exceptional cases where a decision on appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases."); *see also* H.Rep. No. 1667, 85th Cong., 2d Sess. 1-2 ("There should be some way … in long drawn-out cases such as antitrust and conspiracy cases, to dispose of vital questions which are raised in the trial without having to wait for the taking of testimony and the conclusion of trial before the questions can be finally determined on appeal.").

-10-

Here, a ruling in Bottle Defendants' favor on the first question — whether Plaintiffs have alleged *any* claim for restitution or damages under Eighth Circuit law — would terminate this litigation. Therefore, that question is "controlling," and its resolution may materially advance termination of the litigation. *See Klinghoffer*, 921 F.2d at 24 ("If we reverse the district court's order and dismiss the actions against the PLO, those actions would be terminated, and thus our resolution of the issues involved in the certified order would be 'controlling' in that sense.").

The Bottle Defendants' second question — whether Plaintiffs may allege an unjust enrichment claim in the absence of any injury — is also "controlling" because it would significantly narrow questions of law and the issues of fact present in this case, thus saving time for this Court and time and expense for the Parties. *See State of N.C. ex rel. Howes*, 889 F. Supp. at 853. For example:

*First*, because Plaintiffs have not articulated in their Complaints the standard adopted by the Court in their Complaints, it is conceivable that there are numerous Plaintiffs who disposed of or used the challenged products before learning about BPA whose only claim remaining in this case is for unjust enrichment. Eliminating these Plaintiffs will reduce the burden of discovery on the Parties, and the burden of adjudicating their claims by the Court, and narrow the issues for class certification.

*Second*, as a result of dismissing these Plaintiffs, some states' laws may no longer be at issue, thus narrowing the "difficult[]" choice-of-law disputes this Court will otherwise have to decide. (Order Addressing Defendants' Motions to Dismiss Targeting Specific State Statutes at 2.)

*Third*, if those Plaintiffs who did not learn about BPA until after they "received

-11-

100% use (and benefit) from the products" lack constitutionally-required standing to pursue any claim, that issue will directly impact whether any class may be certified in this case. (Order at 20.)

Fourth, because this Court has now invited an individual inquiry into each Plaintiff's use of Defendants' products on an unjust enrichment claim, the parties will be compelled to litigate that issue through judgment before determining whether the standard adopted in this Court's Order is correct — unless interlocutory review is granted now.

Without certification, even of Question No. 2, the parties would potentially proceed through class certification motions, and beyond, to trial, without a ruling on these potentially dispositive, or at least significantly narrowing, issues. Moreover, this Court's Order might require the parties to litigate the question of unjust enrichment, without doing so under the applicable Eighth Circuit law. An interlocutory appeal would materially advance termination of the litigation and would undoubtedly save the parties and the Court from the burdens associated with remaining proceedings. *See Novell, Inc.* v. *Microsoft Corp.*, 505 F.3d 302, 307 (4th Cir. 2007) (accepting certified interlocutory appeal).

-12-

III.    **CONCLUSION**

        Bottle Defendants respectfully request that this Court (i) reconsider or,

alternatively, certify for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), its Order and

Opinion Addressing Certain of Defendants' Motions to Dismiss, dated November 9, 2009, and

(ii) permit oral argument on this motion.

Dated: November 24, 2009

                    Respectfully submitted,

                    **SULLIVAN & CROMWELL LLP**

                    By___ */s/ Michael H. Steinberg*
                    Michael H. Steinberg
                    Brian R. England
                    1888 Century Park East, Suite 2100
                    Los Angeles, CA 90067
                    Telephone: (310) 712-6600
                    Fax: (310) 712-8800
                    steinbergm@sullcrom.com
                    englandb@sullcrom.com

                    **THOMPSON COBURN LLP**
                    David Wells
                    Jacqueline T. Albus
                    One US Bank Plaza
                    St. Louis, MO 63101
                    Telephone: (314) 552-6000
                    Fax: (314) 552-7000
                    dwells@thompsoncoburn.com
                    jalbus@thompsoncoburn.com

                    *Attorneys for Defendant*
                    *Philips Electronics North America*
                    *Corporation*

**BRYAN CAVE LLP**

By____/s/ Robert M. Thompson
Robert M. Thompson #38156
1200 Main Street
One Kansas City Place, Suite 3500
Kansas City, MO 64105-2130
Telephone: (816) 374-3429
Fax: (816) 374-3300
rmthompson@bryancave.com

Dan H. Ball
Peter W. Herzog III
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Telephone: (314) 259-2000
Fax: (314) 259-2020
dhball@bryancave.com
pwherzog@bryancave.com

*Attorneys for Defendant*
*Evenflo Company, Inc.*

**HERZOG CREBS LLP**

By____/s/ Peter W. Herzog
Peter W. Herzog
Michael A. Vitale
100 North Broadway, 14th Floor
St. Louis, MO 63102-2728
Telephone: (314) 231-6700
Fax: (314) 231-4656
pwh@herzogcrebs.com
mav@herzogcrebs.com

*Attorneys for Defendant*
*Handi-Craft Company*

-14-

**STEPTOE & JOHNSON, LLP**

By_____/s/ Jason Levin
Lawrence Riff
Jason Levin
633 West Fifth Street, Suite 700
Los Angeles, CA 90071
Telephone: (213) 439-9400
Fax: (213) 439-9599
lriff@steptoe.com
jlevin@steptoe.com

*Attorneys for Defendant*
*Nalge Nunc International*
*Corporation*

**LATHAM & WATKINS LLP**

By_____/s/ William K. Rawson
William K. Rawson
Mary Rose Alexander
555 Eleventh Street, N.W., Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2200
Fax: (202) 637-2201
william.rawson@lw.com
mary.rose.alexander@lw.com

-15-

**STINSON MORRISON HECKER LLP**

John W. Moticka #31760
168 North Meramec Avenue, Suite 400
St. Louis, MO 63105-3758
Telephone: (314) 259-4562
Fax: (314) 259-4467
jmoticka@stinson.com

Kristin L. Farnen #30620
1201 Walnut, Suite 2900
Kansas City, MO 64106
Telephone: (816) 842-8600
Fax: (816) 691-3495
kfarnen@stinson.com

*Attorneys for Defendant
Playtex Products, LLC*

**ICE MILLER LLP**

By_____*/s/ Judy S. Okenfuss*
Judy S. Okenfuss
One American Square
Suite 2900
Indianapolis, IN 46282-0200
Telephone: (317) 236-2115
Fax: (317) 592-4721
judy.okenfuss@icemiller.com

*Attorneys for Defendant
RC2 Corporation*

-16-

**WHITE & CASE LLP**

By____/s/ Bryan A. Merryman
Bryan A. Merryman
Rachel J. Feldman
633 W. Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 620-7700
Fax: (213) 452-2329
bmerryman@whitecase.com
rfeldman@whitecase.com

**FOLAND, WICKENS,
EISFELDER,
ROPER & HOFER, P.C.**
Joseph J. Roper
911 Main Street, Suite 3000
Kansas City, MO 64105
Telephone: (816) 472-7474
Fax: (816) 472-6262
jroper@fwpclaw.com

*Attorneys for Defendant
Gerber Products Co.*

-17-

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2009, the foregoing instrument was filed with the Clerk of Court using the ECM/ECF system, which will send a notice of electronic filing to all attorneys of record.

/s/ David Wells
Attorney for Defendant Philips
Electronics North America Corporation