IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| In re: BISPHENOL-A (BPA) ) | MDL No. 1967 |
| POLYCARBONATE PLASTIC ) | Master Case No. 4:08-1067-MD-W-ODS |
| PRODUCTS ) | |
| LIABILITY LITIGATION ) | |
| ) | |
| This Document Related to: ALL ACTIONS ) | |
| ) | |
| ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, EVENFLO COMPANY, INC., GERBER PRODUCTS CO., HANDI-CRAFT COMPANY, PLAYTEX PRODUCTS, LLC, NALGE NUNC INTERNATIONAL CORPORATION, AND RC2 CORPORATION'S MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(B)**

COME NOW Plaintiffs and hereby respond to Defendants Philips Electronics North America Corporation, Evenflo Company, Inc., Gerber Products Co., Handi-Craft Company, Playtex Products, LLC, Nalge Nunc International Corporation, and RC2 Corporation's (collectively "Defendants") Motion for Reconsideration or, in the Alternative, For Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(B) (Doc. # 273) ("Motion"). For the reasons set forth below, Defendants' Motion should be denied in its entirety.

I.     **BACKGROUND**

On May 13, 2009, Defendants filed Defendants' Joint Motion to Dismiss All Claims of All Named Plaintiffs For Failure to Plead a Legally Cognizable Injury and Lack of Standing Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) ("Motion to Dismiss") (Dkt. 140). Chief among their arguments, Defendants argued, *inter alia*, that Plaintiffs had failed to plead a legally cognizable injury. In support, Defendants relied predominantly on *Briehl v. General Motors*

*Corp.*, 172 F.3d 623 (8th Cir. 1999) and *O'Neil v. Simplicity*, 574 F.3d 501 (8th Cir. 2009). Plaintiffs addressed these cases at length in their brief filed in opposition to Defendants' motion ("Plaintiffs' Brief") (Dkt. # 209). On November 9, 2009, the Court entered its Order and Opinion Addressing Certain of Defendants' Motions to Dismiss. (Dkt. 261, hereinafter "Order").

As set forth in the Order, after careful consideration of all the briefing submitted by both sides, the Court granted in part and denied in part the Motion to Dismiss. Order, at 1, 15-21. In analyzing Defendants' arguments regarding injury, the Court analyzed *Briehl* and *O'Neil* and noted that "application of [*Briehl* and *O'Neil*] depends on the circumstances of each Plaintiff." Order at 18. With regard to "Plaintiffs who learned about BPA's presence and potential effects and either still have the goods or subsequently replaced or disposed of them," the Court found *Briehl* and *O'Neil* distinguishable: "In the present case, there is not merely a potential for BPA being in the products – there is no doubt that BPA was present." *Id.* The Court found this category of Plaintiffs to be more "comparable to those in *Coghlan v. Wellcraft Marine Corp.* [240 F.3d 449 (5th Cir. 2001)]." *Id.*

The Court also found that Defendants' arguments had no applicability to Plaintiffs' unjust enrichment claims where the measure of damages "is the value of the benefit conferred on the defendant." Order at 20-21. The Court concluded that Plaintiffs' unjust enrichment claims must be resolved by a jury after full development of the record:

> Even for those purchasers who completely consume the products they bought, a jury could conclude Defendants intentionally concealed material facts and are thus not entitled to the benefits conferred by the purchasers. To be sure, the extent of any benefit received by Plaintiffs would be a factor in determining whether and to what extent Defendants' retention of money is unjust – but this a matter for a jury to resolve. Therefore, the unjust enrichment claims are not affected by the Court's analysis.

2

Order at 21.

Defendants argue that this Court's rulings, denying in part Defendants' "no injury" motion to dismiss and determining that all Plaintiffs may proceed with claims for unjust enrichment, constitute manifest errors of law. Defendants contend that the Court should therefore reconsider its rulings pursuant to Fed. R. Civ. P. 59(e). However, Defendants present no new authority in support thereof; rather, Defendants simply recycle their old arguments in an attempt to have a second bite at the apple on their Motion to Dismiss. Accordingly, Defendants' Motion is improper and should be denied on that basis. Additionally, Defendants' Motion should be denied because this Court correctly applied the holdings in *Briehl* and *O'Neil* with respect to: 1) those Plaintiffs who learned about BPA's presence and potential effects and either still have or subsequently replaced or disposed of the goods; and 2) Plaintiffs' unjust enrichment claims.[1]

Alternatively, Defendants urge this Court to certify for interlocutory appeal two questions: 1) whether claims for restitution or damages can survive when Plaintiffs allege they used the challenged products and concede no personal or property injury; and 2) whether all Plaintiffs can assert an unjust enrichment claim. For the reasons stated herein, Defendants' request for certification for interlocutory appeal should also be denied.

## II. ARGUMENT

### A. The Court Should Deny Defendants' Motion for Reconsideration

---

[1] Plaintiffs do not necessarily agree with each holding made by the Court in the Order. However, and in contrast to Defendants' position, mere disagreement with the Court's rulings is not a proper basis upon which to seek reconsideration. Moreover, and as set forth more fully below, the Order does not appear to be a final judgment subject to a Rule 59(e) motion. By responding to this Motion, Plaintiffs do not waive any position they may later take that the Order is not a final judgment. For these reasons, Plaintiffs have not sought reconsideration of the Court's rulings dismissing certain of Plaintiffs' claims.

Defendants' Motion is both procedurally improper and substantively unfounded. Defendants purport to bring their "motion for reconsideration" pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Motion at 7. "A motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) serves the limited purpose of correcting manifest errors of law or fact or presenting newly discovered evidence." *Hardwick v. Blackwell Sanders Peper Martin, L.P.*, 2006 WL 3841542, at *1 (W.D. Mo. Dec. 29, 2006) (citing *In re General Motors Corp. Anti-Lock Brake Products Liability Litigation*, 174 F.R.D. 444, 446 (E.D. Mo.1997)). Defendants contend that this Court's rulings constitute manifest errors of law.

Although the Eighth Circuit has not defined "manifest error," the Seventh Circuit has explained: "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Rule 59(e) is "not designed to provide an avenue for a disappointed party to relitigate a matter previously decided by the court." *In re Murray*, 408 B.R. 268 (W.D. Mo. 2009) (citing *United States of America v. Metropolitan St. Louis Sewer District*, 440 F.3d 930, 933 (8th Cir. 2006) and *Bannister v. Armontrout*, 4 F.3d 1434, 1440 (8th Cir. 1993)). Accordingly, attempts to "take a second bite at the apple" are beyond the scope of Rule 59. *Id.*; *Dale & Selby Superette & Deli v. United States Department of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993) ("[A] motion made pursuant to Rule 59 is not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances.").

Significantly, however, the Order does not appear to be a final judgment under Federal Rule of Civil Procedure 58(a). The Eighth Circuit has indicated that "Rule 59(e) motions are

motions to alter or amend a *judgment*, not any nonfinal order." *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999) (emphasis in original). Accordingly, where as here a motion is "not directed to a final judgment, but rather to a nonfinal order," the motion for reconsideration should be construed as a Rule 60(b) motion. *Id*. *See also Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003) ("[W]e have determined that motions for reconsideration are 'nothing more than Rule 60(b) motions when directed at non-final orders.'").

Rule 60(b) allows a party to seek relief from a final judgment or order if the party can prove mistake, inadvertence, surprise, excusable neglect, fraud, the judgment is void, or for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Such relief is an "extraordinary remedy" that is justified only in "exceptional circumstances." *Watkins v. Lundell*, 169 F.3d 540, 544-45 (8th Cir. 1999). The law is clear that Rule 60(b) is not intended to be abused in the manner Defendants are attempting:

> In their "motion for reconsideration" defendants did nothing more than reargue, somewhat more fully, the merits of their claim … This is not the purpose of Rule 60(b) … It is not a vehicle for simple reargument on the merits.

*Broadway*, 193 F.3d at 990-91. *See also Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir. 2001) (upholding denial of Rule 60(b) motion where motion largely reasserted previous contentions).

In any event, it does not matter whether or not the Order is a final judgment because Defendants failed to meet the standards under either Rule 59(e) or Rule 60(b). Defendants' arguments are the same arguments they presented and fully briefed to this Court in the Motions to Dismiss and respective replies. As such, Defendants seek to relitigate the same matters previously decided by this Court, and are in effect, asking for a second bite at the litigation apple. Defendants' disagreement with the Court's reasoning is evident but does not constitute a basis for seeking reconsideration. *Ajiwoju v. University of Missouri-Kansas City*, No. 06-1005-CV-

W-FJG, 2009 WL 973113, at *3 (W.D. Mo. Apr. 10, 2009) ("Simply, because [a party] disagrees with the decision reached in his case, does not mean that the Court erred or made a mistake."). *See also F.D.I.C. v. Lathrop & Gage, L.C.*, No. 4:08CV2033 FRB, 2009 WL 3334888, at *3 (E.D. Mo. Oct. 14, 2009) (holding that defendants' mere disagreement with the Court's legal analysis does not amount to manifest error in the law and "is not a basis upon which to reconsider the decision[]"); *Hodge v. Burlington Northern & Santa Fe Ry. Co.*, 461 F. Supp. 2d 1044, 1054 (E.D. Mo. 2006) ("The plaintiffs' mere disagreement with the Court's determination is insufficient to warrant Rule 60(b)(6) relief."); *Employers Reinsurance Corp. v. Massachusetts Mut. Life Ins. Co.*, No. 06-0188-CV-W-FJG, 2008 WL 4693513, at *1 (W.D. Mo. Oct. 23, 2008) ("Manifest error of law is not a reason listed under Rule 60(b), and even if it were a reason sufficient to justify relief, [the plaintiff] apparently argues that the Court committed a manifest error of law simply because it disagreed with [the plaintiff's] arguments … This, in itself, is insufficient to grant relief to plaintiff."); *White v. Kemna*, No. 4:03CV415 FRB, 2006 WL 2927541, at *2 (E.D. Mo. Oct. 11, 2006) ("Petitioner's mere disagreement with the Court's determination is insufficient to warrant Rule 60(b) relief.") (citing *Bilal v. Kaplan*, 956 F.2d 856, 857 (8th Cir.1992)).

In its Order, the Court carefully and thoughtfully addressed Defendants' arguments in regard to whether Plaintiffs pled a cognizable injury, properly distinguishing *Briehl* and *O'Neil*. As such, Defendants have presented no basis upon which this Court may reconsider its ruling. *See In re Murray*, 408 B.R. 268 (Bankr. W.D. Mo. 2009) ("When issues have been carefully analyzed and a judgment has been rendered, only a change in the law or the facts upon which the court's decision was based, will justify reconsideration of a court's previous order.").

Defendants also incorrectly argue that the Court should reconsider its Order with regard to Plaintiffs' unjust enrichment claims and further contend that the Court should find that certain Plaintiffs lack standing to assert a claim for unjust enrichment. As this Court correctly stated in its Order, the measure of damages in an unjust enrichment claim is the value of the benefit conferred on the defendant. Order at 20 (citing cases). In *Bykov v. Radisson Hotels Intern., Inc.*, 221 Fed. Appx. 490, 492 (8th Cir. 2007), the Eighth Circuit addressed standing to assert an unjust enrichment claim. The Court held that because the plaintiff's company, rather than the plaintiff himself, conferred a benefit on the defendant, the plaintiff lacked standing to bring an unjust enrichment claim regarding the bill. *Id*. Unlike the plaintiff in *Bykov*, Plaintiffs have alleged that they each conferred a benefit on the Defendants. Each Plaintiff therefore has standing. Accordingly, as the Court indicated, resolution of Plaintiffs' unjust enrichment claims must await a jury determination after full development of the facts.

### B. The Court Should Deny Defendants' Section 1292(b) Motion

Defendants alternatively seek certification pursuant to 28 U.S.C. § 1292(b). Section 1292(b) sets forth three requirements that must be met before a district court opinion may be certified for interlocutory appeal. *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994). Specifically, the district court must find that (1) the order involves a controlling question of law; (2) there are substantial grounds for difference of opinion; and (3) certification will materially advance the termination of litigation. *Id*. The Eight Circuit has emphasized, however, that "it is the policy of the courts to discourage piecemeal appeals because most often such appeals result in additional burdens on both the courts and litigants." *Id*. at 376. "A motion for certification [under Section 1292(b)] must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *Id*.

7

Defendants have failed to meet their burden of establishing that the two issues presented in their Motion are appropriate for Section 1292(b) certification. With regard to Defendants' first issue, this Court applied well-established Eighth Circuit law to Plaintiffs' allegations including *Briehl* and *O'Neil*, as well as the *Coghlin* case which, as this Court noted, was cited approvingly in *O'Neil*. The fact that Defendants disagree with the Court's analysis does not transform the issue into a controlling question of law cognizable under 28 U.S.C. § 1292(b).

Even if Defendants' question did present a controlling question of law, Defendants have not established that there is substantial ground for differences of opinion regarding the injury question. This Court's Order was based on Eighth Circuit opinions addressing the issue of injury and, as explained above, is consistent with those opinions. Again, Defendants' disagreement with the Court's Order is insufficient to satisfy the 1292(b) requirement that there be substantial ground for difference of opinion. *Johnson v. Scott*, No. 4:08CV1001 HEA, 2009 WL 33441, at *3 (E.D. Mo. Jan. 5, 2009) ("While Defendant argues that there is substantial ground for differences of opinion regarding what the applicable limitation period should be, the Court's ruling is based on the only Eighth Circuit opinion discussing the issue. This Court is required to follow Eight Circuit precedent and the mere fact that Defendant disagrees with this holding, and has pointed out other courts which have held differently, does not satisfy this requirement.").

Furthermore, Defendants have failed to meet their burden of establishing that their second question regarding Plaintiffs' standing to assert unjust enrichment claims is appropriate for Rule 1292(b) certification. As set forth above, the Court correctly found that all Plaintiffs have standing to pursue an unjust enrichment claim because Plaintiffs alleged that they all conferred a benefit upon Defendants. Second, certification of this question will not materially

8

advance the ultimate termination of the litigation because, regardless of the outcome, certain Plaintiffs will still have standing to proceed with their unjust enrichment claims.

## III. CONCLUSION

Defendants have failed to establish an appropriate basis for reconsideration or to satisfy the standards for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Accordingly, Defendants' Motion for Reconsideration or, in the Alternative, For Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) should be denied.

Dated: December 22, 2009

Respectfully Submitted,

**WALTERS BENDER STROHBEHN & VAUGHAN, P.C.**

By      */s/ Thomas V. Bender*
Thomas V. Bender, Mo. Bar #28099
2500 City Center Square
1100 Main Street
P.O. Box 26188
Kansas City, MO 64196
Telephone: (816) 421-6620
Fax: (816) 421-4747
tbender@wbsvlaw.com
**Co-Lead Counsel for Plaintiffs**

**WHATLEY DRAKE & KALLAS, LLC**

By      */s/ Edith M. Kallas*
Edith M. Kallas
Patrick J. Sheehan
1540 Broadway, 37th Floor
New York, NY 10036
Telephone: (212) 447-7070
Fax: (212) 447-7077
ekallas@wdklaw.com
psheehan@wdklaw.com
**Co-Lead Counsel for Plaintiffs**

**HORN, AYLWARD & BANDY, LLC**

By        */s/ Joseph A. Kronawitter*
Robert A. Horn
Joseph A. Kronawitter
2600 Grand Blvd., Ste. 1100
Kansas City, MO 64108
816-421-0700
Fax: 816-421-0899
rhorn@hab-law.com
jkronawitter@hab-law.com
**Liaison Counsel for Plaintiffs**



**GIRARDI KEESE**

By        */s/ Thomas V. Girardi*
Thomas V. Girardi
James P. Sizemore
Graham B. LippSmith
1126 Wilshire Blvd.
Los Angeles, CA  90017
Telephone: (213) 977-0211
Fax: (213) 481-1554
tgirardi@girardikeese.com
psizemore@girardikeese.com
glippsmith@girardikeese.com
**Plaintiffs' Steering Committee**


**HAGENS BERMAN SOBOL
SHAPIRO LLP**

By        */s/ Elizabeth A. Fegan*
Elizabeth A. Fegan
Daniel J. Kurowski
820 North Blvd., Suite B
Oak Park, Illinois 60301
Telephone: (708) 776-5604
Fax: (708) 776-5601
beth@hbsslaw.com
dank@hbsslaw.com
**Plaintiffs' Steering Committee**

10

**HODGES LAW FIRM**

By      */s/ Michael L. Hodges*
Michael L. Hodges
13420 Santa Fe Trail Dr.
Lenexa, KS 66215
Telephone: (913) 888-7100
Fax: (913) 888-7388
mikehodges@hodgeslawfirm.com
**Plaintiffs' Steering Committee**

**KELLER ROHRBACK L.L.P.**

By      */s/ Lynn Sarko*
Lynn Sarko
Gretchen Cappio
Laura Gerber
Keller Rohrback L.L.P. Seattle, WA
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
Telephone: (206) 623-1900
Fax: (206) 623-3384
lsarko@kellerrohrback.com
gcappio@kellerrohrback.com
lgerber@kellerrohrback.com
**Plaintiffs' Steering Committee**

**STRANGE & CARPENTER**

By      */s/ Brian R. Strange*
Brian R. Strange
Gretchen Carpenter
Strange & Carpenter
12100 Wilshire Boulevard 19th Fl
Los Angeles, CA 90025
Telephone: (310) 207-5055
Fax: (310) 826-3210
bstrange@strangeandcarpenter.com
gcarpenter@strangeandcarpenter.com
**Plaintiffs' Steering Committee**

**THE LAW OFFICES OF ROBERT H. WEISS, PLLC**

By        */s/ Robert H. Weiss*
Robert H. Weiss
Stephen Murakami
Marissa Lau
50 Jericho Turnpike, Suite 201
Jericho, New York 11753
Telephone: (516) 876-4213
Fax: (516) 876-6906
roberthw119@msn.com
stephen@robertweisslaw.com
marissa@robertweisslaw.com
**Plaintiffs' Steering Committee**


**ALBERS AND ALBERS**

By        */s/ James Sugar Albers*
James Sugar Albers
88 North Fifth Street
Columbus, OH 43215
Telephone: (614) 464-4414
Fax: (614) 464-0604
alberslawfirm@yahoo.com

**BARNOW AND ASSOCIATES, P.C.**

By        */s/ Ben Barnow*
Ben Barnow
Sharon Harris
One North LaSalle Street, Suite 4600
Chicago, IL  60602
Telephone: (312) 621-2000
Fax: (312) 621-2000
b.barnow@barnowlaw.com
s.harris@barnowlaw.com

12

**BAUM HEDLUND ARISTEI & GOLDMAN PC**

By  */s/ Ronald Goldman*
Ronald Goldman
A. Ilyas Akbari
Roger David Drake
12100 Wilshire Boulevard
Suite 950
Los Angeles, CA 90025
(310) 207-3233
Fax: (310) 820-7444
rgoldman@baumhedlundlaw.com
iakbari@baumhedlundlaw.com
rdrake@baumhedlundlaw.com

**BOLLINGER, RUBERRY AND GARVEY**

By  */s/ Michelle Marie Bracke*
Michelle Marie Bracke
500 West Madison Street
Suite 2300
Chicago, IL 60606-2511
(312) 466-8000
michelle.bracke@brg-law.net

**BRANSTETTER, STRANCH AND JENNINGS, PLLC**

By  */s/ J. Gerard Stranch*
J Gerard Stranch
James G. Stranch
227 Second Avenue North
Fourth Floor
Nashville, TN 37201
Telephone: (615) 254-8801
gerards@@branstetterlaw.com
jims@branstetterlaw.com

13

**DRUBNER & HARTLEY**

By      */s/ James E. Hartley*
James E. Hartley
500 Chase Parkway
Waterbury, CT 06708
Telephone: (203) 753-9291
Fax: (203) 753-6373
jhart@dholaw.com

**EMERSON POYNTER, LLP**

By      */s/ John G. Emerson*
John G. Emerson
Scott E. Poynter
Christopher D. Jennings
Gina M. Dougherty
830 Apollo Lane
Houston, TX  77058
Telephone: (281) 488-8854
Fax: (281) 488-8867
john@emersonpoynter.com
scott@emersonpoynter.com
cjennings@emersonpoynter.com
gdougherty@emersonpoynter.com

**FINKELSTEIN THOMPSON, LLP**

By      */s/ Burton H. Finkelstein*
Burton H. Finkelstein
Rosemary M. Rivas
Mark L. Punzalan
Mila F. Bartos
Karen J. Marcus
Finkelstein Thompson, LLP
The Duval Foundry
1050 30th Street NW
Washington, D.C.  20007
Telephone: (202) 337-8000
Fax: (202) 337-8090
bfinkelstein@finkelsteinthompson.com
rrivas@finkelsteinthompson.com
mpunzalan@finkelsteinthompson.com
mbartos@finkelsteinthompson.com
kmarcus@finkelsteinthompson.com

**FUTTERMAN HOWARD WATKINS WYLIE & ASHLEY, CHTD.**

By  */s/ John R. Wylie*
John R. Wylie
Futterman Howard Watkins Wylie & Ashley, Chtd.
122 S. Michigan Ave.
Suite 1850
Chicago, IL 60603
(312) 427-3600
Fax: (312) 427-1850
Email: jwylie@futtermanhoward.com

**GILL ELROD RAGON OWEN & SHERMAN**

By  */s/ Dylan Potts*
Dylan Potts
425 W. Capitol Ave., Ste. 3801
Little Rock, AR 72201
Telephone: (501) 376-3800
Fax: (501) 372-3359
potts@gill-law.com

**GOLD & COULSON**

By  */s/ Arthur S. Gold*
Arthur S. Gold
11 South LaSalle Street
Suite 2402
Chicago, IL 60603
Telephone: (312) 372-0777
Fax: (312) 372-0778
asg@gcjustice.com

**HEWELL LAW FIRM, APC**

By  */s/ Harold M. Hewell*
Harold M. Hewell
402 W. Broadway
Fourth Floor
San Diego, CA 92101
Telephone: 619-235-6854
Fax: 619-235-9122
hmhewell@hewell.com

**JON EARDLEY LAW OFFICES**

By  */s/ John J. Eardley*
Jon J. Eardley
16020 Puesta Del Sol
Whittier, CA 90603
Telephone: (562) 947-2006
Fax: (562) 947-2006
jjeardley3@gmail.com

**LASKY & RIFKIND**

By  */s/ Norman Rifkind*
Norman Rifkind
Leigh R. Lasky
Amelia S. Newton
350 North LaSalle Street
Suite 1320
Chicago, IL 60610
(312) 634-0057
rifkind@laskyrifkind.com
lasky@laskyrifkind.com
newton@laskyrifkind.com

**LAW OFFICES OF HOWARD M. RUBINSTEIN**

By  */s/ Howard M. Rubinstein*
914 Waters Avenue, Suite 20
Aspen, Colorado 81611
Telephone: (832) 715-2788
howardr@pdq.net

**MCCRACKEN LAW FIRM**

By  */s/ Joanne M. McCracken*
Joanne M. McCracken
14909 N. Oak Street
Garfield, AR 72732
Telephone: (479) 359-1300
Fax: (479) 359-1308
joanne@jmccrackenlaw.com

16

**OFFICE OF WILLIAM G. CROMWELL**

By      */s/ William G. Cromwell*
William G. Cromwell
Two Ravinia Drive Suite 1270
Atlanta, GA 30346
Telephone: (770) 671-0900
cromwell_law@bellsouth.net

**POTTS LAW FIRM, LLC**

By      */s/ Derek H. Potts*
Derek H. Potts
Timothy L. Sifers
908 Broadway
3rd Floor
Kansas City, MO 64105
Telephone: (816) 931-2230
Fax: (816) 931-7030
dpotts@potts-law.com
tsifers@potts-law.com

**SCHARNHORST, AST & KENNARD, PC**

By      */s/ Daniel L. McClain*
Daniel L. McClain
Jeffrey A. Kennard
Todd Scharnhorst
1000 Walnut St.
Suite 1550
Kansas City, MO 64106
Telephone: (816) 268-9411
dlm@sakfirm.com
jak@sakfirm.com
tas@sakfirm.com

**SMITH & LOWNEY, PLLC**

By  */s/ Richard A. Smith*
Richard A. Smith
Eric D. Lowney
Bridget A. Baker-White
Brian Alan Knutsen
2317 E. John Street
Seattle, WA 98112
Telephone: (206) 860-2883
Fax: (206) 860-4187
rasmithwa@igc.org
knoll@igc.org
bridgetbw@igc.org
briank@igc.org

**WEISS & ASSOCIATES, LLC**

By  */s/ Yehuda Smolar*
Yehuda Smolar
200 Galleria Parkway
Suite 900
Atlanta, GA  30339
Telephone: (404) 525-3900
yehuda@weissandassociatesllc.com

**WILLIAMS & HUTCHINSON, PA**

By  */s/ Timothy C. Hutchinson*
Timothy C. Hutchinson
5417 Pinnacle Point Drive
Rogers, AR  72758
Telephone: (479) 464-4944
Fax: (479) 464-4964
thutchinson@whs-lawfirm.com

**WYLY-ROMMEL, PLLC**

By  */s/ Jim Wyly*
Jim Wyly
Sean Rommel
2311 Moores Lane
Texarkana, TX  75503
Telephone: (903) 334-8646
Fax: (903) 334-8645
jwyly@wylyrommel.com
srommel@wylyrommel.com

**ZIMMERMAN LAW OFFICES, P.C.**

By  */s/ Thomas A. Zimmerman, Jr.*
Thomas A. Zimmerman, Jr.
Hugh J. Green
100 W. Monroe Street
Suite 1300
Chicago, IL 60603
(312) 440-0020
tom@attorneyzim.com
hugh@attorneyzim.com

## CERTIFICATE OF SERVICE

  I hereby certify that on December 22, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send a notice of electronic filing to all persons registered for ECF as of that date.

                   /s/ *Thomas V. Bender*