IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re: BISPHENOL-A (BPA) POLYCARBONATE PLASTIC PRODUCTS LIABILITY LITIGATION<br><br>This filing relates to: ALL CASES | MDL No. 1967<br>Master Case No. 08-1967-MD-W-ODS<br><br>Honorable Ortrie D. Smith |

## PROPOSED SCHEDULING ORDER AND JOINT STATUS REPORT

Pursuant to the Court's November 9, 2009 Order Directing the Parties to File a Joint Proposed Scheduling Order and Status Report, the parties met and conferred and hereby jointly submit this Proposed Scheduling Order and Status Report.

Although the parties have met and conferred over the subjects addressed herein multiple times and have reached agreement on a majority of the issues, a few disputed items remain. The parties believe that a prompt resolution of the remaining areas of disagreement would be most efficiently reached through a conference with the Court and hereby jointly request that the Court schedule a conference to discuss and resolve these issues.

**A. Discovery**

The Court has asked the parties to describe the discovery conducted to date and to preliminarily identify the discovery the parties anticipate will be needed. In the November 25, 2008 Case Management Order, this Court ordered that the parties could conduct written discovery, but that full discovery would be stayed pending the Court's ruling on the motions to dismiss. Pursuant to that earlier Order, the parties served and responded to Interrogatories and Requests for Production. In addition, Plaintiffs served Requests for Admissions. However, because the Court ordered that full discovery would be stayed pending rulings on the motions to

1

dismiss, neither the Plaintiffs nor the Defendants have actually produced documents in response to the Requests for Production.

Below is a detailed listing of the discovery that has been conducted and the discovery that the parties anticipate will be needed.

i. **Plaintiffs' Discovery Propounded to Defendants and Defendants' Responses**

1. **Interrogatories**

On May 4, 2009, Plaintiffs served their First Set of Consolidated Interrogatories to Defendants. Defendants responded to the First Consolidated Interrogatories on July 24, 2009.

2. **Requests for Production of Documents**

On March 2, 2009, Plaintiffs served Defendants Evenflo Company, Inc. ("Evenflo"), Gerber Products Company ("Gerber"), Handi-Craft Company ("Handi-Craft"), Nalge Nunc Corporation ("Nalge"), Avent America, Inc./Philips Electronics North America Corporation ("Philips"), Playtex Products, Inc., ("Playtex"), and RC2 Corporation ("RC2") (collectively, "Defendants") each with their First Set of Requests for Production of Documents. Defendants responded to Plaintiffs' First Set of Request for Production of Documents more than seven months ago, on June 8, 2009. The parties' full production of documents is to be completed by March 9, 2010. To date, neither side has produced any documents and, in the case of the Defendants, certain issues exist (*i.e.*, the unresolved objections and lack of agreed-upon search terms, *see infra* at p. 5-6,) that have precluded the production of materials, including Plaintiffs' insistence that no rolling production occur after the March 9, 2010 deadline.

The Document Production Protocol, Section 9 (Dkt #114), sets out guidelines for the parties regarding the search for electronically stored information ("ESI") through agreed upon

search terms. Plaintiffs contacted Defendants to discuss search terms on November 30, 2009. The parties have met and conferred a number of times since then in an effort to resolve or narrow their disagreements. Although progress has been made, it has been slowed by the holidays. Although the parties anticipate reaching an agreement on the search terms, if agreement cannot be reached very soon, the parties will ask the Court to resolve the issue so that Defendants can begin to review and produce those documents identified by the search terms and which are responsive to Plaintiffs' requests and otherwise discoverable.

**Requests for Admission**

On May 13, 2009, Plaintiffs served their First Set of Consolidated Requests for Admission to Defendants. Defendants responded to the First Set of Consolidated Requests for Admission on June 15, 2009.

ii. **Defendants Discovery Propounded to Plaintiffs and Plaintiffs' Responses:**

Evenflo

On August 25, 2009, Defendant Evenflo served its First Set of Interrogatories and First Request for Production of Documents on Plaintiffs. Although not due until October 26, 2009, responses were served by some, but not all, Plaintiffs beginning October 20, 2009.

Gerber

On August 20, 2009, Defendant Gerber served its First Set of Interrogatories and First Requests for Production Propounded to Plaintiffs. Responses were served by some, but not all, Plaintiffs beginning October 20, 2009.

Handi-Craft

On August 24, 2009, Defendant Handi-Craft served its First Set of Interrogatories and First Requests for Production of Documents Addressed to Plaintiffs. Although not due until

October 23, 2009, responses were served by some, but not all, Plaintiffs beginning October 20, 2009.

Nalge

On August 25, 2009, Defendant Nalge served its First Set of Interrogatories and First Requests for Production of Documents Addressed to Plaintiffs. Although not due until October 26, 2009, responses were served by some, but not all, Plaintiffs beginning October 23, 2009.

Philips

On August 21, 2009, Defendant Philips served its First Set of Interrogatories and First Request for Production of Documents Addressed to Plaintiffs. Responses were served by some, but not all, Plaintiffs beginning October 20, 2009.

Playtex

On September 14, 2009, Defendant Playtex served its First Request for Production of Documents Propounded to Plaintiffs. Although not due until November 14, 2009, responses were served by some, but not all, Plaintiffs beginning October 20, 2009.

RC2

On August 24, 2009, Defendant RC2 served its First Set of Interrogatories and First Request for Production of Documents Addressed to Plaintiff Tonya Tubbs. Plaintiff Tubbs responded to RC2's First Set of Interrogatories and First Request for Production of Documents on October 20, 2009 and on October 23, 2009 Plaintiff Tubbs served an amended response to RC2's First Set of Interrogatories.

   iii. **Discovery Served on Third Parties**

On or about May 12, 2009, Plaintiffs served document subpoenas on four third party entities: (i) Juvenile Products Manufacturer's Association; (ii) The Weinberg Group; (iii)

American Chemistry Council; and (iv) The Society of Plastics Industry, Inc. By agreement with those third parties, documents are to be produced on March 9, 2010.

### iv. **The Meet and Confer Process**

The parties have been meeting and conferring on both Plaintiffs' and Defendants' Discovery by way of multiple conference calls. There are follow up calls scheduled to discuss various discovery issues. The parties have also had multiple communications regarding search terms used in electronic searches for responsive documents.

### v. **Discovery that the Parties Anticipate Will Be Needed**

Pursuant to this Court's November 25, 2008 Case Management Order and given the Court's ruling on the motions to dismiss, the parties can now participate in full discovery. The parties need to produce documents pursuant to the previously-served requests for production of documents detailed above, and such documents will be produced in accordance with the Order Establishing Document Production Protocol (Docket # 114) and the Protective Order (Docket # 115) that was issued by the Court on April 7, 2009. Currently, all documents that are not covered by an unresolved objection are to be produced by March 9, 2010. Plaintiffs have previously argued to this Court that the Defendants' production should not be "rolling" after March 9, 2010, but delivered all at one time. At that time, Defendants pointed out to the Court the pragmatic issues associated with that position. Nevertheless, certain of the Defendants believe that, if the "key terms" currently being discussed are accepted, they can substantially comply with the March 9 deadline by making a meaningful production that is consistent with the unresolved objections[1] on that date, followed by a rolling production of the remaining production

---

[1] Significant objections remain unresolved, including those based on defining the relevant time period, as the well as objections to the numerous requests that were overly broad, unduly burdensome, and sought irrelevant documents.

Case 4:08-md-01967-ODS   Document 296   Filed 01/15/10   Page 5 of 18

to be completed in a reasonable time thereafter. Plaintiffs do not believe that is what the Court ordered. (*See* Document Production Protocol, Doc 114, ¶2.)

The parties also anticipate that they will need to conduct depositions, with Plaintiffs indicating that they will initially need to conduct 30(b)(6) depositions until the documents are produced and then other specific depositions once witnesses are identified. Defendants have made clear to Plaintiffs that they cannot prepare a corporate designee witnesses on unspecified 30(b)(6) deposition topics until such time as they have reviewed and produced their documents. Lastly, the parties anticipate that they will need to conduct expert discovery. Accordingly, the parties will likely need to set dates for identification of experts and other expert discovery deadlines, as specified below.

The parties disagree with respect to two issues concerning deposition discovery.

**Defendants' Position:**

On November 23, 2009, Defendants first requested that Plaintiffs propose a process for producing the named Plaintiffs for depositions. With no response, Defendants renewed this request on December 18, 2009. Plaintiffs have made no proposal or other response to Defendants' requests. On January 7, 2010, therefore, Defendants provided a written proposal to conduct the depositions of the named Plaintiffs by grouping them according to their states of residence and commencing in February 2010, which was consistent with early discussions on this issue. (See Tab A.) Defendants believe that, for purposes of efficiency and fairness, and because they requested a schedule for Plaintiffs' depositions nearly two months ago, they are entitled to begin deposing the named Plaintiffs as soon as possible.

The Court ordered the parties to produce documents within 120 days of its rulings on the motions to dismiss and encouraged the parties to commence production sooner if possible. As

noted above, to date, neither Plaintiffs nor Defendants have produced documents. Although Defendants' document responses served in June 2009 specifically offered to search for ESI according to agreed-upon search terms, the Plaintiffs first contacted Defendants to discuss those search terms on November 30, 2009. Since that time, the parties have made progress, but the lack of an agreement on search terms and a number of other issues will likely necessitate that the parties revisit the March 9, 2010 deadline to complete document productions, particularly as Defendants do not wish to conduct *multiple* ESI reviews. (Plaintiffs have not indicated what burden, if any, they will have in connection with their review of ESI, if any, of the Plaintiffs.)

As set forth below, the parties agree that Plaintiffs' motion for class certification will be filed **no later than June 9, 2010**. There are currently more than 50 named Plaintiffs, and Plaintiffs' Co-Lead Counsel have stated that they may seek to join additional Plaintiffs. Even assuming that *no* new Plaintiffs are added, it will be a challenge to complete the depositions of the named Plaintiffs in time to allow Plaintiffs to address that deposition testimony in their class certification pleadings.

As this Court is aware, Local Rule 16.1(a) imposes on counsel the responsibility to complete discovery in the shortest time reasonably possible with the least expense. Local Rule 16.1(a) also reflects the mandate of Rule 1 of the Federal Rules of Civil Procedure that the Rules be administered to secure "the just, speedy, and inexpensive determination of every action and proceeding," FED. R. CIV. P. 1. Defendants believe this mandate can best be accomplished by beginning the depositions of the named Plaintiffs as soon as possible. While the named Plaintiffs are being deposed, Defendants can continue preparing their documents for production. Once the Defendants have completed their document productions, depositions of the Defendants can be conducted most efficiently. As a practical matter, even 30(b)(6) depositions cannot begin until

after Defendants' documents have been substantially produced in any event, since a corporate representative will need access to the documents in order to prepare to testify. By sequencing the depositions in this fashion, or roughly in this fashion, the parties can accomplish a great deal of the discovery needed to address class certification without undue delay.

The parties also disagree whether the Plaintiffs are entitled to multiple depositions of Defendants' witnesses. As noted above, Defendants seek to depose each plaintiff only once, even though thirty-nine plaintiffs have claims against two or more Defendants. Defendants believe that efficiency and fairness dictate that each witness be produced for deposition once for all purposes in this litigation (which is why Defendants seek to depose each plaintiff only once). For example, if Plaintiffs issue notices pursuant to Rule 30(b)(6), a deponent produced in response to that notice should be deposed in his or her individual capacity as well as a corporate representative, although Defendants are willing to consider exceptions to this general rule, such as, for example, with respect to document custodians or document authentication depositions noticed under rule 30(b)(6). As in any complex case, once documents have been substantially produced, witnesses are generally not made available multiple times if some documents previously subject to objections are later produced. Defendants understand that there are exceptions to this general rule, which will be addressed on a case by case basis, but the production of new materials is generally not considered an independent or sufficient reason to produce again a witness for deposition. The merits discovery period in this case is sufficient to allow an orderly deposition process to occur, without the need for 30(b)(6) merits-based witnesses prior to the substantial completion of Defendants' response to Plaintiff's first request for production of documents.

This Court has discretion to make such an Order, as this rule is commonly imposed in multidistrict and other complex litigations. *See, e.g.,* Second Amended Scheduling Order in *JP Morgan Trust Co., N.A.* v. *Mid-America Pipeline Co.*, No. 05-2231-JWL (D. Kansas Nov. 8, 2006) ("If any witness is offered to provide testimony pursuant to Fed. R. Civ. P. 30(b)(6), the deposing party shall also exhaust all questions of the witness in his or her personal capacity, in order to avoid unnecessary travel and scheduling inconvenience for the witness."). There is no justification for applying a different set of rules to Defendants' employees and Plaintiffs.

As the Manual For Complex Litigation makes clear, the Federal Rules and the Court's inherent power provide the Court with "broad authority" to control discovery in complex litigation; this authority extends to placing limits on the number of depositions. MANUAL FOR COMPLEX LITIG., FOURTH at § 11.42 at 53-54. Permitting multiple depositions of the same witness invites waste and unnecessary motion practice. *See Cleveland* v. *Coldwell Banker Real Estate Corp.*, No. 4:05cv10-M-A. 2008 WL 141195, at \*2 (N.D. Miss. Jan. 10, 2008) (granting defendants' motion to quash the subpoena of witness who had been deposed previously in a Rule 30(b)(6) capacity).

**Plaintiffs' Position:**

Plaintiffs and Defendants began discussing how discovery was to proceed following the rulings on the motions to dismiss. Those calls initial focused on Plaintiffs sending multiple golden rule letters on outstanding discovery and a method to try to resolve common objections for multiple Defendants rather than defendant by defendant. In those discussions, the parties also addressed Plaintiffs' responses to Defendants' request for production and the depositions of both Plaintiffs and Defendants. There seemed to be some fairness in having the depositions on simultaneous tracks of all witnesses, but given that documents are not being produced until

March 9, 2010 and Defendants are once again seeking a rolling production, Defendants say that is not practical. Plaintiffs will be produced for depositions; however, Plaintiffs do want to do whatever discovery they can of Defendants. Plaintiffs have discussed 30(b)(6) depositions of Defendants, only to be met with the position of Defendants that only one deposition may be taken of any person (except records custodians), regardless of the capacity in which that person is produced. As a result, Defendants' position is, for example, that if a witness's deposition is taken to explain one topic and that person turns out (after the documents are produced) to be a witness about further information, Defendants assert Plaintiffs could not redepose that person. This is a problem that the Court needs to resolve.

Another principal issue in dispute is the issue of when documents are to be produced. Plaintiffs never opposed documents being produced earlier than the March 9, 2010 deadline and have never insisted on all documents being produced at one time (nor has the Court, which encouraged earlier production of documents). Plaintiffs have only wanted all documents produced by a date certain so that depositions could commence. However, Defendants contend that cannot occur because 1) Plaintiffs never told them about search terms (even though Defendants never proposed any such terms) and 2) Plaintiffs should not start depositions until substantially all documents are produced (because Defendants will only produce a witness once and need the documents in order to properly prepare 30(b)(6) witnesses) but they still want a rolling production. Accordingly, Plaintiffs would not be able to proceed with depositions on March 9, 2010 of any witnesses, even corporate representatives. This is unworkable.

Defendants' January 7, 2010 request to depose Plaintiffs geographically makes sense in terms of efficiency of discovery, and Plaintiffs are working on the same. However, the coordination of various attorneys and more than fifty Plaintiffs is a substantial task. Plaintiffs

agree to work with Defendants on specific dates and regions, with depositions to start in mid-February though the specific schedule suggested by Defendants needs to be modified in part.

Likewise, Plaintiffs are going to notice up depositions of Defendants. Given the class certification deadline, there will need to be multiple tracks of depositions. It is also imperative that Defendants make full and timely production of documents so that the class certification deadline not be extended.

Defendants request that their witnesses only be required to sit for one deposition (whether they are noticed individually or produced as a corporate representative in response to a 30(b)(6) request). Plaintiffs requested some authority and were given none. The federal rules and case law make it clear that Defendants' position is incorrect. No. 06-2399-JAR-DJW, 2008 WL 4724471, at *2 (D. Kan. Oct. 24, 2008) ("Waste Management is entitled to know what the corporation's position is on this topic, and a Rule 30(b)(6) deposition is the proper vehicle to determine that position. In short, the fact that individually-named witnesses have testified concerning a subject is no obstacle to a 30(b)(6) deposition on the same subject."); *ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 1732369, at *3 (D. Kan. June 11, 2007) (ruling, "just because [a party] may choose to designate certain individuals as its corporate designees whose fact depositions have already occurred does not insulate [the party] from the requirements of Rule 30(b)(6). Such a finding would eviscerate Rule 30(b)(6)"); *Williams v. Sprint/United Mgmt. Co.*, No. 2006 WL 334643, at *1 & n.1 (D. Kan. Feb. 8, 2006) (distinguishing a Rule 30(b)(6) deposition from the deposition of a witness as an individual).

As to production of documents and search terms, Defendants are obligated to complete their production by March 9, 2010. Search terms are a method for Defendants to increase the efficiency and speed of their review of relevant documents. Search terms do not remove

11

Defendants' obligation to produce relevant documents. Defendants imply that the agreement on the use of search terms has been slowed by Plaintiffs' lack of activity. The facts are that the document requests were served March 2, 2009 and Defendants' served responses and objections June 8, 2009. Defendants never proffered any suggested or agreed upon search terms to Plaintiffs even though it was incumbent on Defendants to do so if they wanted to narrow the search of their electronic documents. After the rulings on the motions to dismiss, Defendants contacted Plaintiffs on November 25, 2009 to discuss search terms, and Plaintiffs promptly responded on November 30, 2009 with a draft of search terms for agreement. Both parties then went back and forth citing their disagreements and attempting to compromise. The Document Production Protocol (Dkt 114, Section 9) gives specific instructions regarding the search terms process and the parties have thus far followed the agreed upon process. There are no "other issues" that justify delay.

### B. Mediation

The Court's Order requested that the parties set forth the number of occasions and the amount of time the parties have expended meeting with Richard E. McLeod who was selected by the Court to serve as the mediator in this action. Prior to the time the Court ruled on the motions to dismiss, the parties had not yet met with Mr. McLeod. After the Court ruled on the motions to dismiss, the parties scheduled a meeting with the mediator for January 7, 2010.

### C. Schedule for Future Meetings With the Mediator

The January 7th meeting was postponed at the last minute due to inclement weather in Kansas City, which caused numerous flight cancelations. The parties nevertheless provided Mr. McLeod with confidential mediation statements setting forth their respective positions and have participated with him in preliminary phone conferences.

II. **Proposed Scheduling Order**

   A. The dates below largely reflect the dates already submitted to the Court in the Report Regarding the Parties' Planning Conference and Joint Proposed Discovery Plan, modified slightly as to the dates for filing the class certification motions.

   B. Joinder of parties. In the previously filed Joint Proposed Discovery Plan the parties agreed that joinder be completed no later than March 9, 2010.

   i. **Plaintiffs' Position**: Plaintiffs believe the previously agreed to date of March 9, 2010 is still appropriate. Defendants now wish to move the date for joinder of parties up to less than three weeks from the filing of this proposed order without any reason as to why this acceleration is necessary. Defendants further state that the Statement of Claims should be updated by January 29, 2010 because "the information is needed to determine which Plaintiffs have viable omission and implied warranty claims and which Plaintiffs have unjust enrichment claims only." However, every one of the Plaintiffs currently in the litigation have *at least* an unjust enrichment claim and most likely have an omission claim as well. This information can be easily ascertained in the discovery process through deposition testimony. Defendants have already stated that they intend to depose all of the Plaintiffs, and Plaintiffs cannot imagine a situation where the Defendants would not ask a Plaintiff what products they purchased, when they used those products and when they learned of the harmful effects of BPA. This is the only information that Defendants could hope to gain through an updated Statement of Claims. It is

unreasonable to ask the Plaintiffs to spend the time to update their Statement of Claims for over 50 Plaintiffs by January 29, 2010, an arbitrary date, as Defendants will most certainly determine same information for themselves in the Plaintiffs' upcoming depositions.

ii. **Defendants' Position:** Plaintiffs propose that joinder be completed no later than March 9, 2010. Plaintiffs have stated affirmatively that they do not intend to substantively amend the pleadings, but that they may seek to add additional Plaintiffs. To the extent that Plaintiffs intend to add additional proposed named Plaintiffs and class representatives, Defendants request that all such individuals be named no later than January 29, 2010. In an effort to expedite the addition of any new named Plaintiffs, Defendants request that the Court order any added Plaintiff to serve a Statement of Claim and responses to all discovery previously served on any Plaintiff by the Defendant(s) against whom the new Plaintiff asserts a claim no later than January 29, 2010. Defendants also request that the named Plaintiffs be ordered to provide amended and/or supplemental Statements of Claim, stating with respect to each named Plaintiff when they first "learned about BPA's presence and potential effects," and whether they "still have the goods or subsequently replaced or disposed of them." (*See* Dkt. 261, at 18). The information is needed to determine which Plaintiffs have viable omission and implied warranty claims and which Plaintiffs have unjust enrichment claims only. Providing the information in advance of the named Plaintiffs' depositions will make both the preparation and the deposition far more efficient.

C. Motions for class certification shall be filed no later than June 9, 2010. Rule 26 reports from any expert proffered in support of Plaintiffs' motion shall be served with the motion. Plaintiffs shall make any such experts available for deposition within 45 days of filing their class certification motion.

D. Defendants shall file their opposition to Plaintiffs' motion for class certification, shall serve Rule 26 Reports from any expert proffered in opposition to Plaintiffs' motion, and shall file any *Daubert* or other motions directed to Plaintiffs' proffered experts no later than 90 days after the filing of Plaintiffs' motion for class certification. Defendants shall make any such experts available for deposition within 30 days of filing their opposition to Plaintiffs' class certification motion.

E. Plaintiffs shall file their reply in support of their motion for class certification and any *Daubert* or other motions directed to Defendants proffered experts no later than 60 days after the filing of Defendants' opposition. As noted in the parties' Report Regarding the Parties' Planning Conference and Joint Proposed Discovery Plan (Dkt. #27 at p. 17), to the extent that Plaintiffs serve new evidence with their reply, Defendants believe they are entitled to file a sur-reply in opposition to Plaintiffs' motion for class certification no later than 60 days after the filing of Plaintiffs' reply, and will request leave of this Court to do so.

F. Defendants shall file their opposition to any *Daubert* or other motions directed to their experts proffered in opposition to Plaintiffs' motion for class certification and shall file their reply in support of any *Daubert* or other motions directed to Plaintiffs' experts not later than 45 days after the filing of Plaintiffs' *Daubert* motions.

G. Plaintiffs shall file their reply in support of any *Daubert* or other motions directed to Defendants' experts not later than 45 days after the filing of Defendants' opposition.

H. After the Court's ruling on Plaintiffs' motion for class certification, the Court shall convene a case management conference to address the further conduct of the litigation.

I. Fact discovery shall close 180 days after decision on class certification or disposition of any appeal regarding class certification, whichever is later.

J. Merits Expert Disclosures

  i. Plaintiffs' merit expert disclosures shall be filed within fifteen (15) days after the conclusion of fact discovery.

  ii. Defendants' merit expert disclosures shall be filed within (75) days after Plaintiffs' expert disclosures.

K. Rebuttal merit expert disclosures shall be filed 30 days after Defendants' merit expert disclosures.

L. Expert Discovery shall close 180 days after the close of fact discovery.

Dated: January 15, 2010

Respectfully Submitted,

**WALTERS BENDER STROHBEHN & VAUGHAN, P.C.**

By  */s/ Thomas V. Bender*
Thomas V. Bender, Mo. Bar #28099
2500 City Center Square
1100 Main Street
P.O. Box 26188
Kansas City, MO 64196
Telephone: (816) 421-6620
Fax: (816) 421-4747
tbender@wbsvlaw.com

**WHATLEY DRAKE & KALLAS, LLC**

By  */s/ Edith M. Kallas*
Edith M. Kallas
1540 Broadway, 37th Floor
New York, NY 10036
Telephone: (212) 447-7070
Fax: (212) 447-7077
ekallas@wdklaw.com

CO-LEAD COUNSEL
FOR PLAINTIFFS


**BRYAN CAVE LLP**

By  */s/ Robert Thompson*
Robert Thompson
1200 Main Street
One Kansas City Place
Suite 3500
Kansas City, MO 64105-2130
Telephone: (816) 374-3429
Fax: (816) 374-3300
rmthompson@bryancave.com

**SULLIVAN & CROMWELL LLP**


By  */s/ Michael H. Steinberg*
Michael H. Steinberg
Brian R. England
1888 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 712-6600
Fax: (310) 712-8800
steinbergm@sullcrom.com
englandb@sullcrom.com

**WHITE & CASE LLP**

By  */s/ Bryan A. Merryman*
Bryan A. Merryman
633 West Fifth Street, Suite 1900
Los Angeles, California 90071
Telephone: (213) 620-7700
Fax: (213) 452-2329
bmerryman@whitecase.com

LIASION COUNSEL
FOR DEFENDANTS