IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| In re: BISPHENOL-A (BPA) | ) | MDL No. 1967 |
| POLYCARBONATE PLASTIC | ) | Master Case No. 08-1967-MD-W-ODS |
| PRODUCTS LIABILITY LITIGATION | ) | |

ORDER AND OPINION (1) GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS ON THE BASIS OF FEDERAL PREEMPTION
AND (2) DENYING DEFENDANTS' MOTION TO DISMISS
ON THE GROUND OF PRIMARY JURISDICTION

On November 9, 2009, the Court issued an Order (Doc. # 261) that addressed several of Defendants' theories in favor of dismissing the claims asserted in this case. Now pending is the Bottle Defendants' motion for reconsideration or, alternatively, for certification for interlocutory appeal. The Court takes this opportunity to clarify one of its rulings, but the motion (Doc. # 273) is otherwise denied.

At issue are the Court's rulings regarding which prospective Plaintiffs have suffered cognizable damages. The Court will not restate its prior analysis except to declare that it adheres to its prior discussion. The Court ruled that consumers who purchased and used their baby bottles and other products received the full benefit of the bargain and could not assert a claim, Order at 20, and Defendants do not quarrel with this holding. The Court also held that consumers who still possessed their goods at the time the presence of BPA was publicly announced might have suffered damage, depending on whether they compelled to replace their products (and assuming the other elements of the cause of action are proved). Order at 18-19. Finally, the Court held that all consumers *might* have a claim for unjust enrichment, depending on their circumstances and depending on the content of the applicable state's law. Order at 20-21. Defendants challenge these two aspects of the Court's Order.

With respect to those who were compelled to replace their products, Defendants have not explained why such individuals would be legally barred from asserting a claim for breach of warranty. A person who buys a product and is later told there is a substance in the product that might cause personal injury has a claim for breach of

implied warranty of merchantability; the consumer need not suffer personal injury in order to assert a breach of contract/warranty claim. Similarly, a person who buys a product and is not told that the product contains a substance that might cause personal injury when the product is used has a claim for fraud by omission; a personal injury is not required.[1] Defendants' argument is, essentially, that there are no Plaintiffs in these categories. This is a sweeping generalization that the Court should not adopt at this early stage of the litigation, particularly given that additional cases may be added to the MDL. Certainly, individual litigants may have received the full benefit of the bargain, but it is equally certain that not all have -- and the Court cannot presently determine whose claims should be dismissed and whose should not.

With respect to the unjust enrichment, the Court acknowledges that the thrust of its holding may not have been clear. The Court did not intend to suggest that all Plaintiffs automatically and necessarily have a valid claim for unjust enrichment. The Court explained that

> [g]enerally, the measure of damages for unjust enrichment is the value of the benefit conferred on the defendant. . . . Even for those purchasers who completely consumed the products they bought, a jury could conclude

---

[1]As the Court explained on page 19 of its Order:

Plaintiffs in this category have suffered damage, and to hold otherwise would lead to absurd results. Suppose a food seller knew its product contained a poison that has a 50% chance of killing the person eating it. Suppose further that this fact is divulged to the buyer after he purchases the product. Must the buyer eat the food in order to have a claim for fraudulent concealment or breach of warranty? Clearly not. The buyer has been damaged regardless of whether he replaces or disposes of the product because, either way, he has paid the seller for a product that he would not have purchased had he known the poison was present, and has received no use from the product. The poison may not injure him, but the condition complained of – poison's presence – is known to exist. Similarly, the Plaintiffs in this category purchased a product they allege they would not have purchased had they known the true facts. Now that they know the true facts, they are unwilling to risk allowing their children to use the product. They cannot obtain the intended bargain or benefit from the goods, so they incurred damages.

2

> Defendants intentionally concealed material facts and are thus not entitled to the benefits conferred by the purchasers. To be sure, the extent of any benefit received by Plaintiffs would be a factor in determining whether and to what extent Defendants' retention of money is unjust – but this is a matter for a jury to resolve.

The Court's holding is, essentially, that its "benefit of the bargain" analysis did not affect the unjust enrichment claims because the "benefit of the bargain" does not play a role in the analysis -- at least, for some jurisdictions. In contrast to the law of warranty (which is somewhat uniform because of the states' adoption of the Uniform Commercial Code), the law of unjust enrichment cannot be confidently described as uniform. When this observation is coupled with the differing circumstances of each Plaintiff (and potential Plaintiff), the Court cannot conclude that no purchaser can assert a claim for unjust enrichment. Ultimately, differences in individual circumstances and the content of state laws make it impossible for the Court to hold that *all* consumers either have or do not have a cause of action as a matter of law.

Defendants alternatively ask the Court to certify these issues for an interlocutory appeal. When a judge issues an interlocutory order and is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. § 1292(b). This discretion should be exercised "sparingly and with discrimination" in order to preserve the judiciary's preference for avoiding piecemeal appeals. White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994). Keeping in mind that an interlocutory appeal should rarely be allowed, and considering the particulars of this case, the Court concludes an interlocutory appeal should not be authorized. Critically, the decision to dismiss any particular Plaintiff will depend on as-yet undeveloped facts and unmade choice of law determinations. Defendants have not identified a difference of opinion suggesting that a person who has not received the benefit of the bargain is deprived of his or her warranty claim when no personal injury has been suffered -- and the Court is not presently in a position to determine which Plaintiffs have and have not received the benefit of their bargain. The nature of the Court's holding regarding unjust

3

enrichment is not fit for appellate review at this juncture.  Finally, a decision from the Court of Appeals will not "materially advance the ultimate termination of the litigation."

Even if Defendants satisfied section 1292's requirements, the difficulty is that any contested motion to dismiss that is denied can be said to satisfy the requirements. Unlike purely legal issues that would cause the immediate termination of the suit (e.g., the preemption issues addressed in a separate order), the issues in this case involve law and fact and cannot be fully analyzed for all Plaintiffs at this time.  The Court holds that appellate review at this early juncture is inappropriate.

IT IS SO ORDERED.

                                                 /s/ Ortrie D. Smith
                                                 ORTRIE D. SMITH, JUDGE
DATE: January 19, 2010                 UNITED STATES DISTRICT COURT