# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| In Re: BISPHENOL-A (BPA) POLYCARBONATE PLASTIC PRODUCTS LIABILITY LITIGATION | ) MDL Docket No. 1967 ) Master Case No. 4:08-1967-MD-W-ODS ) ) Judge Ortrie D. Smith |
| This DOCUMENT relates to: | |
| *Broadway, et al.* v. *Avent America, Inc., et al.*, Case No. 08-00997 (W.D. Mo.) | |

**ORDER GRANTING**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASS, DIRECTING DISTRIBUTION OF CLASS NOTICE, APPOINTING PLAINTIFFS' COUNSEL AS COUNSEL TO THE SETTLEMENT CLASS, AND SETTING HEARING FOR DETERMINATION OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT1**

WHEREAS, this matter has come before the Court pursuant to the Motion for Order Preliminarily Approving Class Action Settlement, Conditionally Certifying Settlement Class, Directing Distribution of Class Notice, Appointing Class Counsel, and Setting Hearing for Final Approval of Class Action Settlement (the "Motion");

WHEREAS, the Court finds that it has jurisdiction over this Action;

WHEREAS, the Court has considered the Motion, the Stipulation of Class Action Settlement, the exhibits thereto (the "Settlement Stipulation"), the separate agreement referred to in Section M.1 of the Settlement Stipulation, all other documentary evidence submitted concerning the Motion, and the comments of counsel at a hearing held on January 6, 2011; and

---

1 In many respects this Order is identical to the parties' proposed order. However, there have been additions, deletions, and other changes.

WHEREAS, the Court is otherwise fully advised in the premises and on considering the record of these proceedings, the representations, arguments, and recommendation of counsel for the parties, and the requirements of law.

**IT IS HEREBY ORDERED THAT:**

**I.     PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT**

The terms of the Settlement Stipulation are preliminarily approved, subject to further consideration thereof at the Final Approval Hearing provided for below.  Unless otherwise provided herein, the terms defined in the Settlement Stipulation shall have the same meaning in this Order.  The proposed Settlement was entered into at arm's-length by experienced counsel and only after extensive arms-length negotiations, including through mediation supervised by a former United States District Judge.  The proposed Settlement is not the result of collusion.  The proposed Settlement bears a probable, reasonable relationship to the claims alleged by Class Plaintiffs and the litigation risks of the Settlement Class as well as Philips.  The Proposed Settlement is sufficiently within the range of reasonableness and merits possible final approval so that notice of the proposed Settlement should be given as provided by this Order.

During the hearing concerns were raised that the Court had not waited fourteen days before scheduling the motion, thereby depriving interested parties from filing objections.  The Court views the preliminary approval as a matter between the parties proposing the settlement.  If the settlement appears fair on its face (which it does), the Court believes the prudent course is to promptly announce the settlement so that those most affected by it – the members of the Settlement Class – have an opportunity to consider it and tell the Court whether they think the settlement is fair and appropriate.  No interested party has been prejudiced: the time for objecting has not passed, and the final approval has not been made.  Any objections that were directed to the motion

for preliminary approval will be considered when the Court considers whether to grant final approval.

The potential application of 28 U.S.C. § 1712 was raised by the Court. After hearing the views of counsel, the Court is presently of the view that the settlement is not a "coupon settlement" within the meaning of the statute. Even if it is, there is no bearing on attorney fees because the proposed fee award is based on the amount of time expended and is not contingent on the class' recovery. In an abundance of caution, the Court will scrutinze the settlement as dictated by section 1712(e). The Court notes several factors that (preliminarily, at least) indicate "the settlement is fair, reasonable, and adequate for class members." The vouchers contemplated by the settlement are transferable (theoretically making them convertible to cash) and in most instances will be sufficient in amount to allow consumers to redeem them for products without the expenditure of additional funds. Thus, class members will not have to "pay" to enjoy the benefits of the settlement. The vouchers can be used on a wide variety of products, which helps insure their utility and value. The Court also notes that the products in question include products that are not made of plastic and are not used orally, which further helps insure the vouchers' utility. For those who have the "best claims" (based on prior orders of the Court that discuss the validity of various claims), an option exists to receive money in lieu of vouchers. Finally, the settlement calls for injunctive relief (although it should be noted that the injunctive relief may not directly or specifically benefit class members). For these reasons, the Court preliminarily concludes that even if the vouchers are coupons, the settlement meets the standard set forth in 28 U.S.C. § 1712(e).

A concern was raised with respect to the "Most Favored Nation" provisions of the settlement and its potential impact on other Defendants. As stated earlier, the Court has reviewed

3

the corresponding side agreement *in camera*. The side agreement consists of two paragraphs and fewer than 125 words. The agreement addresses the number of "opt-outs" required to trigger Philips' right to declare the settlement void and for the pro-rata payment of attorney fees by Class Counsel in the event there are more favorable settlements reached with other Defendants. Based upon its review, the Court declares nothing is contained therein that affects – adversely or otherwise – Defendants other than Philips Electronics.

II. **CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS**

    A. **CLASS PLAINTIFFS' GROUPINGS APPROACH**

Class Plaintiffs have asserted claims for unjust enrichment, consumer fraud violations, and breach of implied warranty. Class Plaintiffs sought certification of two multi-state unjust enrichment classes (the" Unjust Enrichment Classes"), a multi-state consumer protection act class (the "Consumer Protection Class"), and a multi-state implied warranty class (the "Implied Warranty Class"). Class Plaintiffs sought certification of these classes under a "groupings" approach, which was based upon the similarity of legal theories supporting certification of class members in each respective state.

Class Plaintiffs originally sought class certification of the following classes:

> *Unjust Enrichment Multistate Class 1*. All persons who purchased or acquired a polycarbonate baby bottle or training/sippy cup in Arkansas, California, Colorado, the District of Columbia, Hawaii, Illinois, Indiana, Iowa, Kansas, Missouri, Nevada, New Hampshire, New Mexico, New York, Oklahoma or West Virginia that was manufactured, sold or distributed by Philips .

> *Unjust Enrichment Multistate Class 2*. All persons who purchased or acquired a polycarbonate baby bottle or training/sippy cup in Alaska, Georgia, Kentucky, Maine, Maryland, Massachusetts, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, Washington or Wisconsin manufactured, sold or distributed by Philips.

4

*Consumer Fraud Multistate Class*. All persons who purchased or acquired a polycarbonate baby bottle or training/sippy cup in Alaska, Arkansas, Arizona, California, Colorado, Connecticut, Delaware, the District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Missouri, Minnesota, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Pennsylvania, Rhode Island, South Carolina, South Dakota, Vermont, Washington, West Virginia or Virginia that was manufactured, sold or distributed by Philips.

*Implied Warranty Multistate Class*. All persons who purchased or acquired a polycarbonate baby bottle or training/sippy cup in Alaska, Colorado, Connecticut, Delaware, the District of Columbia, Hawaii, Kansas, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Missouri, Nebraska, Nevada, New Jersey, Oklahoma, Pennsylvania, South Carolina, Virginia, and West Virginia that was manufactured, sold or distributed by Philips.

The only states in which Class Plaintiffs have not sought class certification for their claims are Alabama, Mississippi, Ohio, Oregon, Texas, and Wyoming. However, as set forth in detail in the briefing in support of Plaintiffs' motion for class certification, Class Plaintiffs chose not to move for certification in these states due to manageability concerns. The Settlement achieved, however, eliminates any such manageability concerns by eliminating any issues that would otherwise impact any trial of these claims. Further, to the extent that individuals residing in these states do not want to participate, they have the ability to opt out. As discussed below, the Settlement Class consolidates each of these "groupings" into a single Settlement Class.

## B. Rule 23(a)

With respect to the proposed Settlement Class as set forth in the Settlement Stipulation, this Court has determined that, for purposes of a settlement of the Action only, Plaintiffs have satisfied each of the Rule 23(a) Prerequisites:

1. The Classes Members are so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1).

2. There are questions of law or fact common to the Settlement Class. Fed. R. Civ. P. 23(a)(2). Common questions of law or fact include the following: (1) whether Philips failed to adequately disclose material facts related to BPA in the course of its sales of the BPA Products; (2) whether Philips' conduct was unlawful; (3) whether the BPA products were merchantable and (4) how the resulting monetary damages to consumers should be calculated.

3. The claims of the Class Plaintiffs are typical of the claims of the Settlement Class. Fed. R. Civ. P. 23(a)(3). Here, Plaintiffs have alleged that Philips failed to disclose or adequately disclose material facts to members of the Settlement Class and that Philips sold unmerchantable products. Plaintiffs assert that there was sufficient uniform treatment by Philips so that each Class Plaintiff and Settlement Class Member states the same claim concerning the same conduct and seeks the same relief from Philips. The ability of the parties to achieve a settlement on terms applicable to the entire Settlement Class underscores the finding of typicality.

4. Class Plaintiffs will fairly and adequately protect the interests of the Settlement Class. Fed. R. Civ. P. 23(a)(4). The Class Plaintiffs do not have interests that are antagonistic to the Class and are fully aligned with the interests of other Class Members. In addition, because Plaintiffs' Counsel have and will continue to fairly and adequately represent the interests of the

Settlement Class, they are qualified for appointment as class counsel for purposes of the Settlement under Rule 23(g). *See infra.*

Accordingly, the Court finds that Class Plaintiffs have satisfied Rule 23(a) for purposes of evaluating this Settlement. The Court also finds that Class Plaintiffs are members of the Settlement Class and that, for purposes of the Settlement, they satisfy the requirements of typicality and adequately represent the interests of the Settlement Class Members. The Court appoints Class Plaintiffs as the representatives of the Settlement Class for purposes of this Settlement.

**C.     Rule 23(b)(3).**

With respect to the Settlement as contained in the Settlement Stipulation, the Court also "finds that the questions of law or fact common to class members predominate over any questions affecting only individual members," and "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Here, Class Members share a common legal grievance arising from Philip's alleged failure to disclose or adequately disclose material facts related to BPA to any of the purchasers of the BPA Products and the sale of what Plaintiffs identify as unmerchantable products. Common legal and factual questions are central to all Class Members' claims and predominate over any individual questions that may exist for purposes of this Settlement, and the fact that the Parties are able to resolve the case on terms applicable to all Settlement Class Members underscores the predomination of common legal and factual questions for purposes of this Settlement.

In concluding that Settlement Class should be certified pursuant to Rule 23(b)(3) for settlement purposes, the Court further finds that a class action is superior, particularly in an effort to settle the Action, because individual class members have not shown any interest in individually

controlling the prosecution of separate actions. Moreover, the cost of litigation far out paces the individual recovery available to any Plaintiffs. *See* Fed. R. Civ. P. 23(b)(3)(A). Accordingly, the Court finds that, for purposes of this Settlement, Rule 23(b)(3) has also been satisfied.

The Court finds that, based upon the categories set forth above, Class Plaintiffs are adequate representatives to maintain their unjust enrichment, consumer fraud, and implied warranty claims on behalf of class members in those states set forth above. The Court further finds that Class Plaintiffs are adequate representatives to represent a nationwide settlement class, consolidating the above listed classes. The Court therefore conditionally certifies for settlement purposes only the following Settlement Class:

> All persons who from January 1, 2001 to the present, purchased or acquired (including by gift) a BPA Product from Philips Electronics North America Corporation (for itself and as successor to Avent America, Inc.) in the United States. Excluded from the Settlement Class are: (1) any person that has already obtained any refund from any retailer in connection with the BPA Product(s) for which the Class Members seek relief in this case, (2) any Person who files a valid, timely Request for Exclusion; (3) any Person who purchased a BPA Product but gave away such product as a gift; and (4) any Judges to whom this Action is assigned and any member of their immediate families.

Additionally, the Court hereby enjoins, without requirement of a bond, any Settlement Class Members from instituting any new litigation related to BPA Products against Philips related to a Released Claim until the Final Approval Hearing scheduled below.

In preliminarily (and, if it occurs, finally) certifying the Settlement Class, the Court declares that its ruling sets no precedent with regard to pending motions to certify plaintiff classes with respect to other Defendants. First, the decision regarding Philips is the product of an agreement between Philips and those who purchased or acquired its products; other Defendants are not parties to this agreement and cannot be bound by it. Second, and perhaps more importantly, the existence of a settlement fundamentally changes the Rule 23 analysis. For instance,

"[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial." Amchem Products, Inc. v. Windsor, 521 U.S. 591, 620 (1997). Other issues are also altered are altered by the settlement's existence. E.g., In re Prudential Ins. Co. Am. Sales Practice Litigation Agent Actions, 148 F.3d 283, 308 (3d Cir. 1998), cert. denied, 525 U.S. 1114 (1999). For instance, if the case were to be tried, individual issues (such as reliance) may destroy commonality, typicality, and predominance – but the settlement obviates the need to consider these issues. Thus, the Rule 23 analysis of the Settlement Class is different than that for a class involved in litigation, so the outcome here cannot determine the outcome of the pending motions to certify various classes.

## III. NOTICE TO SETTLEMENT CLASS

The Court finds that the Notice Program (i) meets the requirements of Rule 23(c)(3) and due process; (ii) is the best practicable notice under the circumstances; (iii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action and their right to object to the proposed Settlement or opt out of the Settlement Class; and (iv) is reasonable and constitutes due, adequate and sufficient notice to all those entitled to receive notice. The Court hereby approves the Notice Program and Class Notice.

As a general matter, the proposed Class Notice adequately informs Class Members of their rights in the Action. The Class Notice clearly and concisely states the nature of the action; the class definition; the class claims, issues, or defenses; that the class member may appear through counsel; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on class members. *See* Fed. R. Civ. P. 23(c)(2). However, consistent with the Court's preliminary concerns, the Class Notice will be amended so the description of the class is consistently described as consisting of consumers

who bought or acquired BPA products *manufactured by Philips*.

The Court also approves the designation of Dahl, Inc. as Claims Administrator. The Court directs Philips or its designee to cause the Class Notice to be disseminated in the manner set forth in the Notice Program.

**IV.    OPT OUT PROVISION**

Settlement Class Members are permitted to opt out of this Settlement through an opt-out procedure. To opt out of the Settlement and the Settlement Class, Settlement Class Members must submit a written Request for Exclusion form to the Claim Administrator, Co-Lead Counsel and to Philips' Counsel postmarked no later than April 11, 2011. The request must be signed and must include the class member's name, address and information requested on the form attached to the proposed Notice provided to the Court. Any Settlement Class Member who does not submit a timely written Request for Exclusion will be bound by all proceedings, orders and judgments in this action.

**V.    APPOINTMENT OF CLASS COUNSEL**

The Court appoints the following attorneys as Class Counsel for the certified Settlement Class pursuant to Fed. R. Civ. P. 23(g):

>    Edith M. Kallas
>    WHATLEY DRAKE & KALLAS, LLC
>    1540 Broadway, 37th Floor
>    New York, New York 10036
>    (212) 447-7070
>    Fax: (212) 447-7077
>
>    -and-
>
>    Thomas V. Bender
>    WALTERS BENDER STROHBEHN & VAUGHAN, P.C.
>    2500 City Center Square
>    1100 Main Street

      Kansas City, Missouri 64196
      (816) 421-6620
      Fax: (816) 421-4747

In appointing Co-Lead Counsel as class counsel for the Settlement Class, the Court has considered the abundant work that Co-Lead Counsel have done in investigating and pursuing potential claims in the action, finds that Co-Lead Counsel have extensive experience in handling class actions, other complex litigation, and the types of claims asserted in the action, concludes that Co-Lead Counsel have demonstrated their knowledge of the applicable law and that Co-Lead Counsel have committed and will continue to commit resources to representing the Settlement Class. *See generally* Fed. R. Civ. P. 23(g)(1).

## VI.    FINAL APPROVAL HEARING

The Court hereby sets a Final Approval Hearing to i) determine finally whether the Settlement Class satisfies the applicable requirements of Rule 23 and should be finally certified for settlement purposes only; (ii) review objections, if any, regarding the Settlement Stipulation; (iii) consider the fairness, reasonableness and adequacy of the Settlement; (iv) consider counsel's application for an award of attorneys' fees and reimbursement of expenses; (v) consider certain requests by Class Representatives for an Incentive Award; (vi) determine the validity of Requests for Exclusion and exclude from the Settlement Class those persons who validly and timely opt out; and (vii) consider whether the Court shall issue a final judgment and order approving the Settlement and dismissing this Action and all Constituent Actions against Philips with prejudice.

The hearing will take place on May 2, 2011 at 1:00 p.m.. The Court has set aside four hours for this hearing. Those wishing to address the Court must be present personally or through counsel.

Any person who objects to the Settlement may appear in person or through counsel, at his or her own expense, at the Final Approval Hearing to present any evidence or argument that may be proper and relevant. However, no such person shall be heard and no papers, briefs, pleadings, or other documents submitted by any person shall be received and considered by the Court unless no later than April 11, 2011, such person files a written objection with the Court and serves a copy of the written objection on Co-Lead Counsel and Philips' Counsel. All such objectors must include a statement of his or her objection, as well as the specific reason, if any, for each objection, including any legal support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of his or her objection, and to state whether the objector and/or his or her counsel wishes to make an appearance at the Final Approval Hearing. Any person who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any such objections in this action.

In addition to the foregoing, the Court sets the following deadlines:

| | |
|---|---|
| 80 days before Final Approval Hearing | Last day to complete class notice |
| 60 days before Final Approval Hearing | Last day to file papers in support of final approval of the Settlement, fee application, or incentive awards to Class Plaintiffs |
| 21 days before Final Approval Hearing | Last day to file comments in support of or in objection to the Settlement, fee application, or incentive awards to Class Plaintiffs |
| 21 days before Final Approval Hearing | Last day for Class Members to request exclusion from the Settlement Class |
| 11 days before Final Approval Hearing | Last day for responses to any objections to the Settlement, fee application, or incentive awards to Class Plaintiffs |
| 75 days after Final Approval Hearing | Date by which all claims must be received by Claims Administrator |

**VII. ATTORNEYS' FEES AND COSTS**

Co-Lead Counsel may apply for approval by the Court of their request for attorneys' fees and costs and have agreed, in the Settlement, not to request more than a total of $2,500,000 in full for fees and costs. The Court will permit only a single request from all counsel for plaintiffs for attorneys' fees and costs. Co-Lead Counsel shall make this application on behalf of all persons seeking attorneys' fees and costs pursuant to this Settlement. Any fees and costs awarded by the Court will be paid by Philips.

Any Settlement Class Member who objects to the application for attorneys' fees and costs may appear in person or through counsel, at his or her own expense, at the Final Approval Hearing to be heard. However, no such person shall be heard and no papers, briefs, pleadings, or other documents submitted by any person shall be received and considered by the Court unless no later than April 11, 2011, such person files a written objection with the Court and serves a copy of the written objection on Co-Lead Counsel and Philips' Counsel. All such objectors must include a statement of his or her objection to the application for fees, including any legal support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of his or her objection, and to state whether the objector and/or his or her counsel wishes to make an appearance at the Final Approval Hearing. Any person who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any such objections in this action. Co-Lead Counsel must file any responses to objections no later than April 21, 2011.

**VIII. INCENTIVE FEE**

Class Counsel may apply for approval by the Court for an award of an incentive fee for each of the named Class Plaintiffs, in an amount of one thousand dollars ($1,000). If the Court awards this amount, it will be paid by Philips.

**IX.     CLASS CERTIFICATION BRIEFING WITH RESPECT TO PHILIPS**

On December 2, 2010, Class Plaintiffs filed their Motion for Class Certification Against Defendants Avent America, Inc. and Philips Electronics North America Corporation.  Pursuant to the Court's most recent briefing schedule, Philips must file a response by March 3, 2011.

The Court determines that the Parties should not be prejudiced in any way by their efforts to resolve this action.  As such, all deadlines related to class certification between Philips and Class Plaintiffs are suspended until further order of this Court and if, for any reason, the Settlement is not approved, Philips and Class Plaintiffs shall meet and confer to determine a new schedule, consistent with the view that Philips should not be prejudiced.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: January 7, 2011                                    UNITED STATES DISTRICT COURT